## SMYTH, Administratrix, v. SMYTH.

1. **Executor and administrator: SUMMARY PROCEEDING FOR DISCOVERY OF ASSETS: STATUTE CONSTRUED.** Sections 2366 and 2367 of the Revision, authorizing the County Court to summon before it, and subject to an examination, a person suspected of having taken wrongful possession of any of the effects of the deceased, contemplates that the examination shall be confined to the person thus summoned; and it is not competent to introduce other evidence to contradict his statements or to establish the administrator's claim to the property.

2. —— **EVIDENCE: ESTOPPEL.** A person thus subjected to an examination is not a witness within the meaning of section 3982, which provides, that no one shall be allowed to testify where the adverse party is the executor of a deceased person. But were it otherwise, the administrator, at whose instance the person is compelled to testify, could not make the objection.

*Appeal from Clayton District Court.*

TUESDAY, MAY 12.

FOR the facts and questions arising, see the opinion. Plaintiff appeals.

*J. O. Crosby* for the appellant.

*Reuben Noble* for the appellee.

WRIGHT, J. — Plaintiff is the administratrix of the estate of J. W. Carter, deceased. As such, she asked

Smyth v. Smyth.

**1. EXECUTOR: summary proceeding for discovery of assets; statute construed.** a citation against the defendant, Catherine Smyth, claiming that she had in her possession effects of the deceased, in money and property, to the amount of $428, or over, which she held without right, and refused to surrender, though demanded. Defendant appeared, in answer to the summons, before the County Court, and submitted to a full examination, under oath. Thereupon plaintiff proposed to prove, by other witnesses, that the claim set up by said Catherine to the money on her said examination, was not true; that there was other money in her possession than that disclosed; and generally to discredit defendant, and sustain plaintiff's claim to said effects, and disprove defendant's right to them. To this testimony defendant objected, upon the ground that, under the statute, the examination was to be confined to the answers of the person charged, and because there was no warrant for hearing the case otherwise than upon such answer. The objection was sustained by the County and District Court, and of this ruling plaintiff complains.

The statute declares that the County Court may summon before it any person suspected of having taken wrongful possession of any of the effects of the deceased, or having had such effects under his control, and may subject him to an examination under oath, and if, upon such examination, it appear to the court that such suspected person has the wrongful possession of any property or effects of the deceased, the court shall order such property or effects to be delivered to the executor of the estate. If he disobey such order or summons, or refuse to answer the interrogatories propounded, he may be committed to the jail of the county until a compliance be yielded. Rev. §§ 2366, 2367.

The purpose and meaning of this statute would seem to be plain enough. It was not intended that the County

Smyth v. Smyth.

Court should hear the parties as upon a trial, but the person charged is to be subjected to an examination, and if, upon such examination, it appears, etc., the court shall order the effects to be delivered, etc. There is no provision for hearing other evidence — none for enforcing the order by execution — none for making up an issue; but the sole object was to give to the court the power, in this summary and somewhat inquisitorial manner, to discover assets in the hands of one wrongfully withholding the same. It is a sort of bill of discovery, without pleadings or the other formalities attending such a proceeding in equity. And this is the more evident, and there should be the less hesitation in so holding, from the consideration that the administrator is not confined to this remedy, but may sue either at law or equity, according to the circumstances, to recover the sum so withheld. If this was the only remedy, it can be readily seen there would be more reason and necessity for admitting the whole testimony. But this the statute never contemplated. Its language forbids it. The construction claimed would be in conflict with its manifest purpose and meaning. In affirming the action of the County Court, in excluding the offered testimony, therefore, the District Court did not err.

Of course, we need hardly remark that there is no force in appellant's objection that defendant was incom-

2.——evidence: petent under § 3982 of the Revision, which
estoppel. provides that no one shall be allowed to testify under the prior section (3980) where the adverse party is the executor of a deceased person, etc. The defendant was not a witness within the meaning of that section. And if she was, she was compelled to testify by the plaintiff, who cannot be heard to make the objection.

In argument, it is also insisted that upon defendant's own examination she should have been held liable. The

case, however, went to the District Court upon an agreed statement, the parties waiving the formality of a writ of error. As we construe this, the only question reserved, or intended to be, was the ruling of the County Court excluding the offered testimony. There was no claim that defendant should be held upon her own examination. This being true, we do not feel at liberty to enter upon the discussion of this part of the case.

The ruling below is, therefore, affirmed. To avoid possible trouble, and that parties may act with a full knowledge of their rights, it is ordered that neither this affirmance, nor the proceedings on such examination, shall be accepted or taken as prejudicing plaintiff's rights in any subsequent action to recover this money.

Affirmed.