Rickman v. Stanton.

*7.——continuance: presumption.*

RICKMAN, Adm'r, v. STANTON.

1. Administrator: DISCOVERY OF ASSETS: COUNTY COURT: JURISDICTION. Sections 2366, 2367 of the Revision do not confer authority upon the county court to try and determine, as an issue of fact, upon general evidence, the question whether a person, suspected of so doing, has taken wrongful possession of property or effects of the estate ; but merely to summon and compel the appearance of such person, and subject him to an examination under oath ; and, in case it appears therefrom that he has property belonging to the estate, order the same to be delivered to the administrator, and to compel a compliance therewith by imprisonment of the defendant.

2. —— It is accordingly *held,* that an order in a proceeding of this character, to the effect that the person proceeded against should deliver to the administrator certain moneys found to be in his possession, made in the absence of such person, and upon the evidence of other witnesses, was void.

Rickman v. Stanton.

*Appeal from Jasper Circuit Court.*

THURSDAY, JULY 27.

ACTION to recover upon the following order, made by the county judge of Jasper county: — "Jesse Rickman, administrator of the estate of Patrick Malley, deceased, v. Thomas Stanton. This matter now coming on to be tried, this day set for hearing the same, plaintiff appearing by S. G. Smith, his attorney, and defendant not appearing, and the cause being tried, Samuel Allen and S. G. Smith being sworn as witnesses for the plaintiff, and the matter being submitted to the court, it is considered that the defendant, Thomas Stanton, had, at the decease of Patrick Malley, the sum of $400 in his possession belonging to his estate, and is directed to pay the same to the said administrator, less the amount of his claim as heretofore allowed, and the costs, taxed at —— dollars, against the defendant." The defendant, by answer, admitted that the plaintiff was administrator, and averred that the order was of no effect; that defendant was cited to appear before the county court of Jasper county on the 5th day of October, 1868, to answer concerning certain personal property belonging to Patrick Malley, deceased; that he did appear, prepared to make a showing; that, at plaintiff's request, the hearing was postponed, with the agreement that defendant should have further notice of the time, of which agreement the county judge was informed; that no further notice was given defendant, and the cause was heard out of term time; that he had no notice of the order till too late to appear; and that he did not, and has not, in his possession any money or property belonging to said estate. Defendant also set up a counterclaim, which was denied by the plaintiff's reply, except as to $53.50, the amount previously allowed.

Trial to the court and facts found: — That defendant was cited to appear before county court to answer as to property, etc.; that defendant was not present or examined when the order was made, but the same was made on evidence offered by plaintiff alone; that no appeal was taken; that defendant's counterclaim had been adjudicated, and $53.50 allowed him. Conclusions of law: — That the county court had jurisdiction of defendant's person by its citation, and of the subject-matter by law; that the order was erroneous, but, no appeal having been taken, was conclusive. The court rendered judgment accordingly for plaintiff for $400, less $53.50, and costs. Defendant appeals.

*Winslow & Wilson* and *Clark & Ryan* for the appellant.

*Smith & Cook* for the appellee.

COLE, J.—The only provisions of our statute relative to proceedings before the county court for the discovery of assets and ordering the delivery of same to the executor, are as follows: Rev., § 2366 (1334). The court may summon before it any person suspected of having taken wrongful possession of any of the effects of the deceased, or of having had such effects under his control, and may subject him to an examination under oath, and if, upon such examination, it appears to the court that such suspected person has the wrongful possession of any property or effects of deceased, the court shall order such property or effects to be delivered to the executor of the estate. § 2367 (1335). If he disobey such order or summons, or refuse to answer the interrogatories propounded, he may be committed to the jail of the county until a compliance be yielded."

This statute does not confer upon the county court general jurisdiction for the discovery of assets; nor does it authorize the county court to make or determine an issue

Rickman v. Stanton.

upon any evidence offered as to the ownership of property or the indebtedness of any person to the estate. It provides a specific mode for the summary discovery and delivery of the property or effects of a decedent wrongfully held by another. The extent of its jurisdiction, and the manner of its exercise, are specifically and very plainly stated. Within these limits the court may act, and its decisions are binding; but beyond them it may not act, and, if it undertakes to do so, its acts are void, and may be assailed as such, collaterally or otherwise. Smith's Lead. Cas. (5th ed.) 832, and cases cited, note to *Crepps* v. *Durden et al.*; *Ham* v. *Steamboat Hamburg*, 2 Iowa, 460.

The statute in this case gives the court jurisdiction to summon the person suspected of having taken wrongful possession, and subject him to an examination under oath, and if, *upon such examination*, it appear, etc., he may order, etc. This does not give authority to try and determine the question, as an issue of fact, upon general evidence, whether the person has taken wrongful possession. And, as if to preclude all doubt, the next section provides that if he fails to appear when cited, or appears and refuses to answer, the court may do what? Try the issue and make an order according to the facts? By no means; but the court may commit him until he yields a compliance. The plain meaning of the section is, that the court can summon the suspected person to appear, and can examine him on oath and compel him to answer, and can make such order respecting the delivery of the property as the result of the examination may, in the opinion of the court, justify.

As the record itself, as well as the finding of facts, shows that the defendant did not appear, and that the order was made upon the testimony of witnesses in his absence, it was without authority, and is void. Jurisdiction of the defendant's person, so as to authorize the making of the order, was not acquired by the service of

the citation or summons; that simply gave the court authority to compel his attendance; but his personal appearance and presence in court was requisite to complete the jurisdiction of his person. *Smyth, Adm'r* v. *Smyth,* 24 Iowa, 491.

Reversed.