EMERY D. BARTO, Appellant, v. NANCY J. HARRISON, Administratrix of the Estate of MOSES BARTO, and C. W. MURFIELD, Appellees.

**Parties:** ADMINISTRATORS. Where two parties are asserting conflicting claims to property in the possession of a third person, indifferent as to which it belongs though admitting the claim of one, such third person is a proper party to a determination of the ownership: and it is immaterial that one of the contesting parties is an administrator claiming the property for the estate.

**Recovery of property:** RIGHT OF ACTION. Where an heir and the administrator are claiming a fund in the possession of a third person, adversely to each other, the heir may bring an action directly against the third person therefor; and he is not required to wait until it is paid to the administrator and then present his claim in probate against the estate.

**Estates of decedents:** DISCOVERY OF ASSETS: PROCEDURE TO RECOVER SAME. The proceeding authorized by Code, section 3315, relating to the recovery of estate property by an executor or administrator is inquisitorial in its nature, and the court or judge is not to try any issue of fact as to the wrongful possession of the property, but only to determine whether there is such an issue; and if no such issue is developed the property should be ordered turned over to the administrator, otherwise the executor or administrator must adjudicate the question by ordinary procedure.

**Same:** ADJUDICATION: WAIVER. An order discharging one supposed to have estate property in his possession is not a bar to a subsequent action against him by an executor or administrator therefor; but an order against him for the delivery of the property is of a different nature, is appealable, and as between the executor and administrator and such person is a final adjudication unless appealed from; however a dismissal of an appeal by stipulation is a waiver of any right to rely on the order of the probate court in another proceeding.

**Evidence:** TRANSACTIONS WITH ONE SINCE DECEASED. The statute prohibiting a party from testifying to a transaction with one since deceased does not exclude evidence of a transaction in which the party testifying as a witness took no part; and where such evidence has been erroneously excluded the error is not waived by failing to examine further along the same line.

*Appeal from Jones District Court.*— HON. W. N. TREICH-
LER, Judge.

SATURDAY, MAY 9, 1908.

THE estate of Moses Barto was settled and the admin-
istrator discharged. Some time thereafter Nancy J. Har-
rison, a daughter by his first wife, ascertained that prior to
his death he had deposited $4,850, with the defendant C.
W. Murfield, August 3, 1904, and that this had not been
administered, procured the order closing the estate to be
set aside and herself appointed administratrix *de bonis non.*
Prior to this, but subsequent to the death of the intestate,
Murfield had paid Emery Barto, a son of deceased's second
wife, $1,850 of the money, and this action was begun by
him May 21, 1906, to recover the balance, on the theory that
the money had been deposited by his father with Murfield
as trustee for himself. The deceased also left surviving
him Mrs. Kohl, a daughter by his third wife, and his fourth
wife as widow. On the same day Murfield answered, ad-
mitting the allegations of the petition, and on the day fol-
lowing plaintiff was ordered to bring in the administratrix
and the heirs as parties defendants. Notice of this order
requiring her to answer in September following was served
on the administratrix May 23, 1906. Thereafter, and on
the 26th day of March, 1907, the plaintiff filed an amended
and substituted petition, alleging that the sum first named
had been delivered to Murfield as trustee for plaintiff, and
that the administratrix had procured an *ex parte* order of
court under section 3315 of the Code commanding Murfield
to pay the $3,000 retained by him over to her as admin-
istratrix, and that she claimed the same as an asset of the
estate, that title thereto had passed to plaintiff, and he prayed
the court to adjudge him owner of the fund and award judg-
ment therefor. Murfield in an amended and substituted
answer admitted the allegations of the substituted petition,

and asked the court to protect him as between the conflicting claims of the other parties.   The administratrix on the next day, March 27, 1907, moved (1) that the amended and substituted petition be made more specific; and (2) that it and all the allegations relating to the administratrix be stricken, for that the only claim of the administratrix to the fund in Murfield's hands was based on the order of court requiring him to turn the same over, and such order was an adjudication against Murfield, and an independent action could not be maintained against the administratrix as such for money. The first ground of the motion was sustained and the second was overruled, whereupon she answered, admitting that money to the amount stated had been left with Murfield, charged that the latter and plaintiff had entered into a scheme to defraud the estate thereof, and that such was the purpose of this action, pleaded the entry of the orders one on June 7, 1906, requiring Murfield to pay her as administratrix the balance in his hands, and the other, dated June 23d of the same year, directing plaintiff also to pay over the amount received from Murfield as former adjudications, and, finally, averred that whether plaintiff was entitled to the fund could not be maintained in this action, but his claim could only be asserted in probate court after the money had been turned over to her by Murfield.   For reply plaintiff denied the jurisdiction of the court to enter the orders, alleged that the court had ordered the administratrix be made a party defendant, and she had been served with notice before proceedings on which the order against Murfield was based had been begun.   The cause came on for trial before a jury, and, when plaintiff had introduced his evidence and rested a verdict on her motion was directed for the administratrix, and judgment entered accordingly.   The plaintiff appeals.— *Reversed.*

*Remley & Remley,* for appellant.

*Jamison & Smyth* and *B. H. Miller,* for administratrix.

LADD, C. J.— The deceased left the $3,000 in controversy in the hands of Murfield, against whom this action was brought by plaintiff on the theory that it was put there for

1. PARTIES: administrators.

him. Murfield admitted that the money was so left, and averring that he had been ordered to pay the money over to the administratrix, prayed that he be protected as between these conflicting claims. The administratrix was brought in as a party defendant on the order of the court, and now insists that this was error, for that the case was not one appropriate for such an order. Counsel for appellant have discussed the doctrines of equitable interpleader (*Hoyt v. Gouge,* 125 Iowa, 603) apparently without noticing that interpleader was allowed in certain cases at the common law. See *Russell v. Pottsville First Pres. Church,* 65 Pa. 9 ; 23 Cyc. 2 ; and that the rules with reference thereto have been greatly extended by statute. The order evidently was entered in pursuance of the section 3462 of the Code, which provides that " any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to the complete determination or settlement of the question involved in the action, except as otherwise expressly provided." The administratrix is alleged to have been claiming the fund as an asset of the estate, and therefore was a necessary party to the complete settlement of the question involved in the action; i. e., the ownership of the fund. If it belonged to the estate, plaintiff was not entitled to the fund; and, on the other hand, if title was in plaintiff, the claim of the administratrix was without foundation. So that the case, as presented by the pleadings, is one in which two persons are asserting conflicting claims to property in the possession of a third person indifferent in interest as to which shall succeed, though admitting the correctness of the allegations of one of them. Manifestly

the party in possession must be made a defendant, and to completely settle the question involved — i. e., the title to the property — both claimants thereto are necessary parties. That one may be an administratrix or some other officer can make no difference. There was no error in ordering that the administratrix be made a party defendant.

II. It is urged, however, that plaintiff should have allowed Murfield to pay the fund to the administratrix, and then have presented his claim in the probate court. A suffi-

2. RECOVERY OF PROPERTY: right of action. cient answer to this is that he was asserting no claim for allowance against the estate of deceased. The petition set up title thereto in himself. The fund was in the hands of a third person, and, if it belonged to plaintiff, we know of no reason why he should wait before instituting action therefor until it had passed into the hands of another.

III. The plaintiff, however, alleged that the administratrix had "procured an *ex parte* order under section 3315 of the Code commanding said Murfield to turn said

3. ESTATES OF DE- CEDENTS: dis- covery of as- sets: procedure to recover same. fund of $3,000 over to her as administratrix," and that she claimed the right to the fund thereunder. Whether this was by court or judge, or when entered, is not averred. Nor is the nature of the order stated, save in the above recital. What was meant by denominating the order *ex parte* is uncertain. The appellant insists that this amounted to pleading an adjudication as between Murfield and the administratrix, and, if so, that the latter was not interested in the controversy between Murfield and plaintiff, and therefore the latter could not be prejudiced by the dismissal of the case as against the administratrix. The section of the Code under which the alleged order was made provides that "the court or judge may require any person suspected of having taken wrongful possession of any of the effects of the deceased, or of having had such effects under his control, to appear and submit to an examination under oath touching

such matters, and, if on such examination it appears that he has the wrongful possession of any such property, the court or judge may order the delivery thereof to the executor or administrator." The section following specifies that, upon failure to deliver property as required, the delinquent may be confined in jail until he does. The proceeding authorized is inquisitorial in its nature, and designed especially as an economical and efficient mode of discovering property of the estate. The parties are not to be heard as on a trial. The person cited to appear only may be examined. The court or judge is not to try any issue of fact as to whether such person cited to appear is in the wrongful possession of property of the estate, but only to determine whether there is such an issue, and, if there is not and the title is conceded to be in the estate, the order should be entered. *Rickman v. Stanton,* 32 Iowa, 134; *Smyth v. Smyth,* 24 Iowa, 491. But if it develops in the examination that the title to the property is in dispute, or that there is some controversy as to whether the estate is entitled thereto, then the administrator or executor must be relegated to procedure usually resorted to in order to adjudicate such issues. Otherwise the person cited would be deprived of due process of law in being compelled to submit his claim to a judge without trial or the intervention of a jury. *Howard v. Fry,* 42 Ohio St. 556.

And so this court has held that an order discharging the person suspected of having property of the estate cannot be pleaded in bar to a subsequent action by the administrator

4. SAME: adjudi-
cation: waiver.
against him (*Ivers v. Ivers,* 61 Iowa, 721), and necessarily, for the reason, that the order does not determine that he was owner thereof, but merely that he has asserted an issuable claim of some kind thereto requiring a trial for its adjudication. But the order requiring the delivery of property to the administrator stands on a somewhat different footing, for in entering the same the court affirmatively finds that the person in possession has no

claim whatever thereto, and that is the precise issue to be determined. It is appropriate matter for its decision and the order entered is appealable. *In re Pyle's Estate,* 82 Iowa, 144; *In re Behrens' Estate,* 104 Iowa, 29. And there is no reason for not treating it as an adjudication of the issue submitted; that is, whether as between the person in possession and the administratrix there was any real controversy concerning the right to or title in the property. In other words, the order ordinarily in what is authorized to be decided, like all similar orders in summary proceedings, is final, and, if not appealed from, conclusive.

But, even if this were conceded, all advantage to be derived from the order has been definitely waived. According to the arguments before us, the plaintiff was ordered to turn over to the administratrix the $1,850 which he had received from Murfield or the fund left with him by the deceased, and Murfield was ordered to so turn over the remainder of the same then in his hands notwithstanding the pendency of this suit to which all were parties, and in which the title to the fund was directly involved. Appeals, however, were taken from these orders, and our attention is directed by appellee in argument to the stipulation with reference to the dismissal thereof, and, in response thereto, appellant has set out the copy of the same. No question is made but that it is such, and, having been relied on by both parties we properly may treat it as such in the case.

Following the several titles of the proceedings in which the orders were entered, and lastly the title of this case, the stipulation provides " that plaintiff agrees to dismiss the appeals from the orders, and said Nancy J. Harrison, administratrix, agrees that she will waive the orders of the court granted against said Murfield and Barto, and that the funds ordered to be turned over to this administratrix may remain in the hands of said Murfield and Barto until it is finally adjudicated in the said last case as to who is entitled to the same. Dated this 20th day of May, 1907."

Having waived the orders and thereby secured the dismissal of the appeals therefrom, and having agreed that the fund may remain as it is, and that the right thereto shall be finally adjudicated in this case, the appellee is not in a situation now to insist upon the orders being treated as adjudications, or because thereof, upon her want of interest in the controversy. Should the judgment in this case be affirmed, it is plain enough that this would finally adjudicate, as between plaintiff and the administratrix, that the title was in the latter, and inasmuch as Murfield was a party to the action, though no verdict was returned or judgment entered against him, we see no reason why, as he had invoked the protection of the court as between the conflicting claims, he might not plead the adjudication against plaintiff. In view of the entire record, we have reached the conclusion that the clause is one for reversal, and this is the main question for determination, as the error in the exclusion of evidence offered is too apparent for extended discussion.

IV. Plaintiff testified as a witness that he went with his father to the house of Murfield on August 5, 1904, for the purpose of listening to and witnessing a conversation between the latter and his father in which he was concerned and interested; that he heard such conversation, and took no part therein.

5. EVIDENCE: transactions with one since deceased.

Thereupon the defendants objected to the competency of the witness under section 4604 of the Code, as it appeared that he went for the purpose of witnessing the conversation which related to the rights and interests of the witness. The court sustained the objection. The ruling was erroneous. The statute prohibited plaintiff from being " examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such examination deceased." This did not exclude testimony of a transaction or communication between deceased and other persons in which the witness was not a participant. That he was a party to the action or interested

therein does not disqualify him as a witness. The statute cannot be extended so as to exclude all evidence of such transactions or communications. *Campbell v. Collins,* 133 Iowa, 152; *Mallow v. Walker,* 115 Iowa, 238; *Erusha v. Tomash,* 98 Iowa, 510; *Johnson v. Johnson,* 52 Iowa, 586; *Powers v. Crandall,* 136 Iowa, 659; *Drefahl v. Rabe,* 132 Iowa, 563. This ruling warranted plaintiff in not inquiring farther concerning the conversation between deceased and Murfield, and, if he did, this would not waive the error in that ruling, inasmuch as the evidence sought was not elicited. As other evidence will be received on another trial, it is unnecessary to determine whether that introduced was sufficient to carry the issues to the jury.— *Reversed.*