In Re Estate M. Elliott, Deceased, F. M. Elliott, Administrator, v. J. F. Elliott, Appellant.

**Gifts inter vivos.** To constitute a gift *inter vivos* there must have been an actual, constructive or symbolical delivery of the property; it is not sufficient that a mere intention to give be established.

**Same:** GIFTS CAUSA MORTIS. A gift *causa mortis* only occurs where the same was made in view of the donor's impending death, to take effect only upon the donor's death from an existing illness, and there must have been an actual delivery of the subject of the donation.

**Estates of decedents:** WRONGFUL POSSESSION OF PROPERTY: ORDER FOR DELIVERY. The possession of property belonging to an estate, after refusal to comply with the administrator's demand to deliver the same to him, is wrongful and the court may order the same delivered, although such possession may have been rightful in its inception.

*Appeal from Polk District Court.*—HON. JAMES P. HEWITT, Judge.

WEDNESDAY, MARCH 12, 1913.

J. F. Elliott, upon examination before the court, was ordered to deliver to the administrator of the estate of M. Elliott, deceased, certain property. From this order he appeals.—*Affirmed.*

*A. M. Miller,* for appellant.

*Parker & Riley,* for appellee.

LADD, J.—The administrator of the estate of M. Elliott, deceased, procured an order that J. F. Elliott appear before

the district court, and submit to examination under oath respecting the possession of one phaeton, one bed and bedding, and clothing. Such examination disclosed that the property mentioned had belonged to the deceased, who was his mother, during her lifetime, that she had lived at his house nearly three years prior to her death, and that over two years before that she had said to him that what she left would be his and had stated to others that he was to have what she left. While the witness may have said deceased gave him the property, he explained in response to interrogatories that she told him "that all she left there was to be his," that she gave him "the property when she had no more use for it, when she could not use it. She said, 'You can have certain articles when I can't use them any more.' She either meant that she was not able to use them or when she was gone. I never touched her property or had anything to do with it, of course. She treated it as her property during her lifetime. I suppose she meant it should be mine when she had no further use for it. Just like she would give the rest of them. She handed out this and that to the rest of them, and it was theirs. She said that this phaeton is yours when she got it. She said: 'This is yours when I am done with it.' I understood by that that I would get it when she died." At the conclusion of the examination, the court ordered the witness to deliver the property to the administrator within ten days.

It will be observed that the examination disclosed that, though the witness claimed the property by gift, there had

1. GIFTS: inter vivos.

been no delivery during the lifetime of deceased. To constitute a gift *inter vivos,* it is not sufficient that an intention to give be established. Such intention must have been executed by actual, constructive, or symbolical delivery of the property proposed to be given without power of revocation. *Tucker v. Tucker,* 138 Iowa, 344; *Furenes v. Eide,* 109 Iowa, 511; *In re Brown's Estate,* 113 Iowa, 351.

The testimony obviates the possibility of inferring a gift

*causa mortis.*  What was said appears to have occurred long

**2. SAME: gifts causa mortis.** prior to death and without thought of impending dissolution.  According to Story (Vol. 1, section 607A, Story's Eq. Jur.), the only valid donation *causa mortis* occurs (1) when the gift is made in view of the donor's death; (2) when it is conditioned to take effect only on the donor's death from existing disorder or illness; and (3) when there is an actual delivery of the subject of the donation.  See, also, 2 Kent's Commentaries, 445.  And the decisions of this court have repeatedly recognized such to be the law.  *Stokes v. Sprague,* 110 Iowa, 89; *Hogan v. Sullivan,* 114 Iowa, 456; *Donover v. Argo,* 79 Iowa, 574.  The deceased then never parted with title, and the court rightly ordered the witness to turn the property over to the administrator of her estate.  *Barto v. Harrison,* 138 Iowa, 413.

Appellant seems to think that section 3315 of the Code is not applicable for that as is contended his possession was

**3. ESTATES OF DECEDENTS: wrongful possession of property: order for delivery.** not wrongful in its inception.  It provides that: ''If on such examination it appears that he has the wrongful possession of any such property the court or judge may order the delivery thereof to the executor or administrator.''  The testimony left no doubt as to title having passed to the administrator in his representative capacity, and, as the witness had refused to deliver the property to him on demand, his possession upon such refusal became wrongful, regardless of how he acquired it and brought him within the letter of the statute.  There was no error in refusing to relegate the issue to an ordinary action, nor in refusing to hear other witnesses.  *Barto v. Harrison, supra.*

The order of the district court is *Affirmed.*