IN RE ESTATE OF J. A. MCKINNEY.

MARY ELLEN MACY, Appellant, v. D. J. VAN LIEW, Appellee.

EXECUTORS AND ADMINISTRATORS: Accounting and Settlement— Correction of Overpayment to Legatee. When, in passing on the final report of an executor, it is made to appear that the executor has inadvertently made such a ·distribution of the assets of the estate to a legatee as leaves nothing with which to pay his own fees and the fees of his attorney, the court has jurisdiction to ·

order the executor to repossess himself of such part of such over-payment in the control of a third party as will correct the mistake.

*Appeal from Polk District Court.*—GEORGE E. BRAMMER, Judge.

JUNE 24, 1924.

REHEARING DENIED SEPTEMBER 20, 1924.

APPEAL from an order of the probate court, entered upon an application to set aside a previous order. The facts appear in the opinion.—*Affirmed.*

*Mitchell & Wisdom,* for appellant.

*Gillespie & Canfield,* for appellee.

FAVILLE, J.—The will of the decedent was filed for probate May 5, 1919, and appellee duly qualified as executor shortly thereafter, and entered upon the performance of his duties. The personal estate was in excess of $58,000 in value, and in addition the decedent owned a farm in North Dakota and a residence and other property in the city of Des Moines. Aside from some small gifts, the entire estate was divided between two sisters of the decedent's, two thirds being given to Elizabeth J. McKinney, and one third to the appellant, Mary Ellen Macy.

· On September 4, 1922, the executor filed what was designated as a final report. In this he stated that "the statutory fees payable to the executor and to his attorney have been paid in full." On September 14, 1922, the court entered an order fixing the time for hearing on said final report on the 20th of September, 1922, and directing notice thereof to be had by posting in three public places for a period of at least five days. No proceedings were had, however, on the day fixed. On September 23, 1922, the executor filed a supplemental final report, in which he stated that, at the time of the filing of the original final report, it was anticipated that his statutory fees would be paid in full, but that it had developed that he had insufficient money on hand to pay the same; and he prayed for approval of

the final report as amended, and an order directing the heirs to redeliver to the executor sufficient personal property to make up the deficiency. On the day on which the supplemental final report was filed, the court made an order setting the same down for hearing on the 30th of September, and directing that notice be given by posting; and it appears that such notice was duly posted.

At the time fixed, the court entered an order approving the final report and supplemental report, and fixing the amount of the executor's fee, and directing that the heirs be given notice in writing by the executor of the amount of the deficiency, and ordering the same to be paid to the executor or the clerk within sixty days after such notice. Notice of said order was duly given, and within the sixty-day period, to wit, November 24, 1922, appellant filed her application to set aside the order approving the final report and fixing the compensation of the executor and attorney. Thereafter the executor filed a resistance to said application, and the matter came on for hearing before the court, and an order was entered approving the original and supplemental final reports and ratifying the orders previously entered by the court in said matter, and determining that the charge made by the executor for his fee for services rendered and for the fee of his attorney was reasonable, and should be paid out of the assets of said estate. The decree further recites:

"The court further finds that there has been delivered over to the said Mary Ellen Macy, as one of the heirs of this estate, by the executor herein, certain shares of stock in the Bank of Ankeny, as a part of her distributive share. The court finds that said heir is indebted to this estate in an amount equal to $320.77, and the executor herein is hereby directed and authorized to repossess and return into the assets of this estate three shares of the capital stock of the Bank of Ankeny, which have heretofore been delivered over to the said Mary Ellen Macy in partial distribution of this estate, and the said Bank of Ankeny is hereby authorized and directed to reconvey to and return to said executor said shares, and to do all things necessary in that connection in order to carry out this order."

It is from this order that this appeal is prosecuted.

The case is not triable in this court *de novo*. The finding of the trial court as to the amounts of the fees that should be allowed the executor and his attorney has substantial support in the evidence, and we do not find that the action of the court was arbitrary and unwarranted, or that the amount allowed was excessive. It was peculiarly within the province of the trial court to determine whether or not the services rendered were reasonably necessary or proper and for the best interests of the estate, and whether the amount claimed therefor was reasonable and just. *In re Estate of Chismore,* 194 Iowa 300; *In re Estate of Emerson,* 196 Iowa 635. We are satisfied that there was no abuse of discretion on the part of the trial court in fixing the amount of the fees of the executor or his attorney.

The more serious question in the case is with regard to the power of the probate court to order the beneficiary to restore to the executor the amount of overpayment made to her, and authorizing the executor to repossess and return into the assets of the estate three shares of the capital stock of the bank at Ankeny which had been delivered to said beneficiary, and directing the said bank to reconvey and return to said executor said shares of stock.

The situation presented is simply one where, by evident mistake, the executor turned over to the beneficiary of the estate, in money and property, such an amount as left in his hands insufficient funds to pay the costs of administration, including proper charges for his services and those of his attorney. Did the probate court have power, under the circumstances, to enter the order that was made?

The parties were properly before the court, and a hearing was had on this question, and the conclusion of the trial court that such overdistribution had been made is fully warranted by the evidence.

Code Section 3398 provides as follows:

"Mistakes in settlements may be corrected in the probate court at any time before his final settlement and discharge, and after that time by equitable proceedings, on showing such grounds as will justify the interference of the court."

The overpayment to the beneficiary by the executor was

clearly a mistake on his part.  No order of final settlement and discharge of the executor had been made.  He was still acting as executor, at the time of the hearing on the application to set aside the order approving the acts of the executor as shown in his final report, and fixing the amount of his compensation.  In fact, the order of the court of September 30th expressly recited that the estate should not be closed until the fees of the executor had been paid.

We have, therefore, a situation where the executor had made a mistake, and had overpaid one of the beneficiaries of the estate.  The probate court still retained jurisdiction of the matter, and the parties were properly before it.  Appellant was not entitled to retain possession of the property that had been turned over to her by the executor, to the amount of the overpayment to her.  Her possession of these assets of the estate was, therefore, a wrongful possession.  Code Section 3315 may well be regarded as applicable to such a situation, and it provides that any person having effects of the deceased under his control may be required to appear and submit to an examination touching such matters; and if it appears on such examination that such party has the wrongful possession of such property, the court or judge may order the delivery thereof to the executor or administrator.

The court found that there had been turned over to appellant, as one of the beneficiaries of the estate, certain shares of stock in the Bank of Ankeny, as a part of her distributive share.  The effect of the court's finding is that appellant had the wrongful possession of such property, and that the same was part of the effects of the estate of the decedent; and the order of the court is that said property shall be restored to the executor.  Such order, under such circumstances, seems to be in accordance with the spirit of the statute, and also with its letter.  See *Donover v. Argo,* 79 Iowa 574, as bearing on the question.

Whether or not the probate court could have entered a money judgment against the beneficiary in this proceeding is not involved in this appeal.  The record discloses that the beneficiary had received certain specific property to which, under the order of the court, the beneficiary was not legally entitled, and

the order is to the effect that the beneficiary should restore the possession of such property to the executor; and all of this was done while the executor was still acting for the estate, and before his final discharge. We are of the opinion that, upon this record, the order so entered was not beyond the jurisdiction of the probate court, and was authorized under the facts disclosed in the record.

We think that the statute of this state is broad enough to authorize an order in the probate court of the character that was entered in this case, under the facts and circumstances as disclosed in this record. It follows that the order appealed from is —*Affirmed.*

ARTHUR, C. J., EVANS and PRESTON, JJ., concur.