RIEKA FINDLEY, Petitioner, v. RUSSELL JORDAN, Judge, and DRING NEEDHAM, Referee in Probate, Respondents.

No. 43527.

JULY 31, 1936.

Hallagan, Fountain, Stewart & Cless, for petitioner.

Vernon Lynch, for Grace Findley, widow of Park A. Findley.

George Wilson, Executor for the estate of Park A. Findley.

PER CURIAM.—Upon an original writ of certiorari, directed to respondents, a return has been made· and the parties have been heard upon the record and proceedings as certified. The question involved makes necessary a consideration of section 11925, 1931 Code, which is as follows:

"11925. Discovery of assets. The court or judge may require any person suspected of having taken wrongful possession of any of the effects of the deceased, or of having had such effects under his control, to appear and submit to an examination under oath touching such matters, and if on such examination it appears that he has the wrongful possession of any such property, the court or judge may order the delivery thereof to the executor or administrator."

Respondent court, adopting the procedure provided in the quoted section required petitioner, as a person suspected of having wrongful possession of property of Park A. Findley, deceased, to appear and submit to examination touching said matters. Petitioner complying with the court's order appeared for examination before respondents, particularly before Dring Needham, referee appointed by the court to hold the hearing. The examination of petitioner was commenced on February 5, 1936, and not being completed was adjourned to and resumed upon February 18 following. At 4:15 p. m. on the last named date the proceedings were again adjourned until 2 p. m. on February 19, 1936. During this last adjournment petitioner made application for issuance of the writ of certiorari now before us. The question involved is whether respondents were exceeding their jurisdiction or acting illegally in refusing to sustain petitioner's objections to further examination. Petitioner maintains the answer to this question must be in the affirmative, because, says petitioner, when the objections were made to further examination, the answers already made during the two days examination already held, had established the fact that a controversy existed between petitioner and the administrator as to the ownership of all the property in petitioner's possession, which had formerly belonged to decedent, and petitioner says that in such a state of the record the court was without jurisdiction to pursue further examination.

Petitioner grounds her contention on the proposition that the only authority conferred on the court by section 11925 is to enter an order that the person examined deliver to the administrator property of the decedent in the wrongful possession of such person. Stated in another way petitioner contends that the statute authorizes an order for delivery of the property to the administrator only in event the facts disclosed upon the examination establish without any room for controversy that the person examined has wrongful possession of effects of the deceased, no facts appearing from which any legal inference of ownership or claim by the person examined can be drawn. This legal proposition is sustained by Smyth v. Smyth, 24 Iowa 491, Rickman v. Stanton, 32 Iowa 134, and In re Brown's Estate, 212 Iowa 1295, 235 N. W. 754.

From a careful examination of the record before us, it is the opinion of a majority of this court that the evidence deduced

during the two days of examination of petitioner established beyond question that a controversy existed between petitioner and the administrator with respect to the question whether petitioner had acquired title to and rightful possession of the property from decedent prior to his death. As part of her testimony during the examination petitioner had submitted schedules of all the assets in controversy, and had produced writings executed by decedent authorizing petitioner to withdraw the assets from certain safety deposit boxes, upon which authority petitioner had withdrawn and taken possession of the assets. She had testified that the assets remained in her possession and that she had transferred no part of same. She had testified that decedent had given petitioner for herself and decedent's mother all these assets, the written authority signed by decedent authorizing petitioner to withdraw the assets from safety deposit boxes and thereby acquire possession, being a part and parcel of the gift claimed to have been made by decedent to petitioner. All these transactions had taken place prior to the decedent's death. As the court was proceeding under the provisions of section 11925 no question could be raised nor evidence offered by the administrator in the proceeding to impeach the truth of the testimony of petitioner. The court, being compelled to accept this testimony as a verity, and the testimony establishing the fact that an actual controversy as to the title of the property existed, it is evident the court had reached the point upon this hearing where there remained no authority to make any order for delivery of the property to the administrator. When that point was reached the court had proceeded as far as its jurisdiction extended under the provisions and purposes of section 11925. Petitioner's objection to further examination should have been sustained. We are not unmindful that in the case of In re Elliott's Estate, 159 Iowa 107, 140 N. W. 200, and cases therein cited, it has been held in substance that a mere claim to the property of decedent made by the person examined does not create a controversy if the nature of the claim is such that it is in law ineffectual to confer rights in the property upon the person examined. The situation before us is not ruled by these cases just mentioned because a controversy had developed.

It follows that the writ must be and is sustained.—Writ sustained.