IN RE ESTATE OF ELLEN ENRIGHT.

THOMAS FRANCIS CONNOR, Administrator, Appellant, v. JAMES P. GRIFFIN, Appellee.

No. 43430.

DECEMBER 14, 1937.

Swan, Martin & Martin and C. S. Jones, for appellant.

R. D. Rudolph, for appellee.

RICHARDS, J.—On March 26, 1935, appellant administrator, adopting the procedure found in section 11925, Code 1931, procured an order that James P. Griffin, appellee herein, appear and submit to an examination under oath touching his alleged

wrongful possession of assets of the estate of Ellen Enright, deceased, who had departed this life on February 25, 1934. For many years previous to her death Ellen Enright had been in the enjoyment of the rents and income from 120 acres of land in Cass County, by reason of a life estate she had therein. Crops of corn and oats were raised by tenants on this land in 1932 and 1933, wherefrom 1,238 bushels of corn and 478 bushels of oats were acquired by decedent as crop rentals. On April 3, 1935, appellee appeared for the examination ordered by the court and this grain was the subject matter to which the examination was directed, and the question being determined was whether appellee had taken wrongful possession thereof, within the intendment of said section 11925.

Upon the examination appellee testified that he had acted for decedent as her agent in managing this land from the spring of 1920 until her death, for which he received no compensation until the last year or years of the period. Quoting from the record:

"Q. And did you receive any compensation during the last year or years of that period? A. Yes.

"Q. State what that was. A. I received the corn and oats on the place.

"Q. As compensation? A. As compensation for my labor during the period of the fourteen years.

"Q. When you received those, what were corn and oats worth? A. When I received the '32 crop the spring of '33—that was the big part of it. At that time corn was worth about 20¢, and oats was worth about 15¢, as I recollect. The balance of it, we added some to that in the fall and she turned that over to me the same. As I recollect it was about 30¢ for corn, and something about 20¢ for oats at that time."

The trial court held that the title to the property was in dispute, and that appellee was claiming to be owner thereof, and denied the ownership of the property by the estate, and that therefore the question of title being involved the trial court was without jurisdiction to enter an order requiring appellee to turn the property over to the administrator, and to such extent the application was denied, but without prejudice to the rights of the administrator to bring any other appropriate proceeding to

determine the title and ownership of said property. Therefrom the administrator has appealed.

We find no error in the conclusion and order of the district court. The appellee claimed title to these crops, and based his claim of title upon an alleged state of facts which, if found to be true, in an action involving the merits of his claim, would be sufficient to establish such title. The facts disclosed upon the examination did not establish beyond controversy that appellee acquired wrongful possession of these crops. The fact situation was such that this case is controlled by the previous holdings of this court in Findley v. Jordan, 222 Iowa 46, 268 N. W. 515, Smyth v. Smyth, 24 Iowa 491, and In re Brown's Estate, 212 Iowa 1295, 235 N. W. 754. The case is affirmed.—Affirmed.

HAMILTON, C. J., and DONEGAN, ANDERSON, MITCHELL, SAGER, and STIGER, JJ., concur.