IN RE ESTATE OF J. N. HOFFMAN.

No. 44684.

JANUARY 16, 1940.

E. P. Murray, for appellant.

Keenan & Kelley and Roseberry & Pitts, for appellees.

BLISS, J.— The administrator of the estate of J. N. Hoffman, deceased, filed application for an order of the court requiring Nick Hoffman, Charles A. Hoffman, and J. P. Hoffman, sons of the decedent to appear and submit to an examination under oath, as provided by section 11925, Code of Iowa, 1935, respecting personal property, including certain certificates of deposit, in their possession belonging to the estate, also certain real estate in the name of Nick Hoffman. The order was made and examination of the three sons was had resulting in an order of the court refusing to require the sons to summarily deliver the property to the executor as assets of the estate. While the examination covered a much wider range, the appellant states that the only property involved in this appeal are three certificates of deposit. The certificates were not produced at the hearing, nor asked for, and neither were the names of the payees, nor the amounts of each shown. To set out the evidence would serve no purpose. It definitely disclosed that there was a decided controversy as to the ownership of the certificates. Each son claimed to be the absolute owner of a certificate as a gift to him from his father. Where a dispute arises in a hearing under section 11925 as to the ownership of property, unless it appears to the trial court or judge, beyond controversy, that the person examined has wrongful possession of the property, the court or judge has no authority to determine that question, and neither has this court on appeal. Such has been the construction placed upon the statute since it was first before this court, and in all later decisions.

Section 11925 provides:

"The court or judge may require any person suspected of having taken wrongful possession of any of the effects of the deceased, or of having had such effects under his control, to appear and submit to an examination under oath touching such matters, and if on such examination it appears that he has the wrongful possession of any such property, the court or judge may order the delivery thereof to the executor or administrator."

Section 11926 provides that if the one to be examined fails to appear, or refuses to answer, "or if he fails to comply with the order of the court or judge requiring him to deliver the

property to the executor or administrator, he may be committed to the jail of the county until he does."

In Smyth v. Smyth, 24 Iowa 491, 492, the court said:

"The purpose and meaning of this statute would seem to be plain enough. It was not intended that the County Court should hear the parties as upon a trial, but the person charged is to be subjected to an examination, * * *. There is no provision for hearing other evidence—none for enforcing an order by execution—none for making up an issue; but the sole object was to give to the court the power, in this summary and some- what inquisitorial manner, to discover the assets in the hands of one wrongfully withholding the same."

In Rickman v. Stanton, 32 Iowa 134, 136, speaking through Justice Cole, the court said:

"This statute does not confer upon the county court general jurisdiction for the discovery of assets; nor does it authorize the county court to make or determine an issue upon any evidence offered as to the ownership of property or the indebtedness of any person to the estate. * * * This does not give authority to try and determine the question, as an issue of fact, upon general evidence, whether the person has taken wrongful possession."

In Barto v. Harrison, 138 Iowa 413, 418, 116 N.W. 317, 319, the court said:

"The proceeding authorized is inquisitorial in its nature, and designed especially as an economical and efficient mode of discovering property of the estate. The parties are not to be heard as on a trial. The person cited to appear only may be examined. The court or judge is not to try any issue of fact as to whether such person cited to appear is in the wrongful possession of property of the estate, but only to determine whether there is such an issue, and, if there is not and the title is conceded to be in the estate, the order should be entered. Rickman v. Stanton, 32 Iowa 134; Smyth v. Smyth, 24 Iowa 491. But if it develops in the examination that the title to the property is in dispute, or that *there is some controversy* as to whether the estate is entitled thereto, then the administrator or executor must be relegated to procedure usually resorted to in

order to adjudicate such issues. Otherwise the person cited would be deprived of due process of law in being compelled to submit his claim to a judge without trial or the intervention of a jury. Howard v. Fry, 42 Ohio St. 556.'' (Italics ours.)

In re Estate of Brown, 212 Iowa 1295, 1299, 235 N. W. 754, 756, the court said:

"It would have been error for the court in this inquisitorial proceeding to have determined the much controverted question of ownership to the note."

In Findley v. Jordan, 222 Iowa 46, 47, 268 N. W. 515, 516, the court said:

"Stated in another way petitioner contends that the statute authorizes an order for delivery of the property to the administrator only in event the facts disclosed upon the examination establish *without any room for controversy* that the person examined has wrongful possession of effects of the deceased, no facts appearing from which any legal inference of ownership or claim by the person examined can be drawn. This legal proposition is sustained by Smyth. v. Smyth, 24 Iowa 491, Rickman v. Stanton, 32 Iowa 134 and In re Brown's Estate, 212 Iowa 1295, 235 N. W. 754." (Italics ours.)

In re Estate of Enright, 224 Iowa 603, 605, 276 N. W. 839, speaking by Justice Richards, the court said:

"The facts disclosed upon the examination did not establish *beyond controversy* that appellee acquired wrongful possession of these crops." (Italics ours.)

The appellant calls our attention to Donover v. Argo, 79 Iowa 574, 44 N. W. 818; In re McKinney's Estate, 198 Iowa 479, 199 N. W. 327; and In re Elliott's Estate, 159 Iowa 107, 140 N. W. 200. The case before us is not ruled by those decisions, because here there is a positive claim of ownership by each of the sons.

█ The appellant chiefly urges that certain answers, if given the construction for which he contends, nullify, as a matter of law, any claim of ownership on the part of the one answering. The ownership of the certificates, under the record before us, is a matter which should be heard and determined upon

trial by regular procedure, upon issues reached by proper pleadings, after hearing evidence from any competent sources. The right to such trial is in no way affected by the ruling appealed from, not only because of our previous holdings in cases cited herein, but because the court in its order, after denying the relief asked by appellant, stated:

" * * * such denial, however, to be without prejudice to the right of the administrator of said estate to bring any other appropriate proceeding to determine the title and ownership of the involved, or other, property as he may deem advisable in the premises."

The order and judgment appealed from must be and is affirmed.—Affirmed.

HAMILTON, C. J., and HALE, STIGER, MILLER, OLIVER, SAGER, MITCHELL, and RICHARDS, JJ., concur.