EVELYN IRENE DURO, Petitioner, v. LOY LADD, Judge, Respondent.

No. 46615.

November 14, 1944.

Parrish, Guthrie, Colflesh & O'Brien, of Des Moines, for petitioner.

Paul W. Steward, of Des Moines, for respondent.

MULRONEY, J.— The writ of certiorari which was issued in this case brings to us for review the correctness and legality of the order of the district court that required the petitioner, Evelyn Irene Duro, to appear and submit to examination as provided in section 11925, Code of 1939. The order was issued upon the verified application of the executrix of the estate of John Heber Duro, wherein the executrix alleged:

"That Evelyn Irene Duro, the former executrix herein, was the decedent's nurse during his lifetime, was the dominant party in a fiduciary relationship, was active in the management of his business affairs and had access to the safety deposit box held jointly by the decedent and the said Evelyn Irene Duro.

"That said Evelyn Irene Duro has never fully accounted for the property of the decedent coming into her hands and your administratrix suspects and believes that said Evelyn Irene Duro has taken wrongful possession of and has under her control certain property of the decedent, for which she has failed, neglected and refused to account to your administratrix."

It is the contention of the petitioner that the court was without jurisdiction to enter the order and the order should have been vacated or modified because of two actions pending in the district court wherein Louise Duro Shaw, as administratrix and as an individual, had sued the petitioner alleging that the latter had possession and control of certain described property of the intestate which she failed to inventory when she was executrix. Since answers had been filed in these cases it is the contention of the petitioner that a controversy existed as to the ownership of all property referred to in said actions and therefore the district court was without jurisdiction to require the petitioner to submit to the ordered examination, or at least without authority to require her to submit to examination as to any property referred to in the two pending actions.

I. The law under which the order was granted is section 11925, Code of 1939, providing that:

"The court or judge may require any person suspected of having taken wrongful possession of any of the effects of the deceased, or of having had such effects under his control, to appear and submit to an examination under oath touching such matters, and if on such examination it appears that he has the wrongful possession of any such property, the court or judge may order the delivery thereof to the executor or administrator."

There are many decisions of this court interpretive of the above section, but none that touches the right of the court or judge to order the examination. Petitioner cites the cases where we have held that when, upon examination, it develops that the title to the property is in dispute or that there exists a controversy as to the title of the property, then the judge or court has no jurisdiction to order the property turned over. The following cases cited by petitioner so hold: Barto v. Harrison, 138 Iowa 413, 116 N. W. 317; In re Estate of Brown, 212 Iowa 1295, 235 N. W. 754; Findley v. Jordan, 222 Iowa 46, 268 N. W. 515; In re Estate of Enright, 224 Iowa 603, 276 N. W. 839, and In re Estate of Hoffman, 227 Iowa 973, 289 N. W. 720.

Upon the pronouncements in the above cases the petitioner builds an argument that the pending district court

actions show that a controversy existed as to the ownership of some, or all, of the property, and therefore the court no longer has jurisdiction to proceed under section 11925. The cited cases do not so hold and there is no limitation found in the statute as to the right or power of the court to order the examination. In plain language the legislature has stated:

"The court or judge may require any person suspected * * * to appear *. * *."

It would seem that the power to make the order is absolute, save perhaps that it might be confined to the sound discretion of the judge entering the order. Counsel for petitioner recognize that the court's discretion cannot be tested in this certiorari action and argue that the order was in excess of the court's jurisdiction. The extent of the court's jurisdiction to make the order is determined by the provisions of the statute that conferred the jurisdiction. 14 Am. Jur. 368, section 169. In State ex rel. Wolfe v. Superior Court, 139 Wash. 102, 105, 245 P. 764, 765, the Washington Supreme Court, in construing a somewhat similar statute, stated:

"This statute is unquestionably within the constitutional powers of the legislature, and manifestly it confers jurisdiction on the superior court, sitting in probate, to bring before it any person suspected of having in his possession property belonging to an estate and subject the person to an examination concerning such property."

We find no limitation in the statute that the jurisdiction is made to depend upon any facts so long as the person ordered to appear is under suspicion of having wrongful possession or control of property of the deceased. We hold the court order was not in excess of the jurisdiction of the court.

II. Upon the same pronouncements, in the previously cited decisions of this court, petitioner argues that the court's refusal to vacate or modify the order was illegal. Again the argument is that the pending suits show that title to the property is either in dispute or the subject of a controversy, and therefore the refusal to vacate or modify the order was illegal. As stated, we have often held that, in proceedings under this

statute, the court has not the power to order the property turned over to the executor or administrator when the examination discloses that the title is in dispute or a controversy over the title exists. But that does not mean that no examination can be had.

The executor or administrator is charged with the duty of securing possession of all of the property of the deceased. Section 11925 is a discovery statute designed to aid the representative to carry out his duty of gathering into his possession all of the property of the deceased. The first part of the statute, as to the examination, is broad. There is no limitation found in the statute save that the examination touch on the subject of the wrongful possession of estate property by the person under examination. The claimed existence of the controversy over ownership or title does not bar the examination. If shown, it only bars the turnover order because, as we said in Findley v. Jordan, 222 Iowa 46, 268 N. W. 515, the court is compelled to accept the testimony of the person under examination as a verity, and therefore "on such examination" it will not appear that he has "wrongful possession" as required by the statute before the order can issue.

Of such proceedings we have said: ".It is a sort of bill of discovery * * *." Smyth v. Smyth, 24 Iowa 491, 493; and "The proceeding authorized is inquisitorial in its nature, and designed especially as an economical and efficient mode of discovering property of the estate." Barto v. Harrison, 138 Iowa 413, 418, 116 N. W. 317, 319.

We have always held that the administrator or executor is relegated to regular procedure to try out the ownership of the property when the examination shows disputed ownership. See In re Estate of Hoffman, 227 Iowa 973, 289 N. W. 720, and cases there cited. But the disputed ownership has always appeared *upon the examination*. In re Estate of Brown, 212 Iowa 1295, 235 N. W. 754; In re Estate of Enright, 224 Iowa 603, 276 N. W. 839; In re Estate of Hoffman, 227 Iowa 973, 289 N. W. 720. The statute provides that the turnover order can only be made if the wrongful possession appears "on such examination," and we have held it cannot be based

upon any other evidence. Smyth v. Smyth, 24 Iowa 491; Rickman v. Stanton, 32 Iowa 134. If the court cannot consider other evidence as a basis for the turnover order, then it would seem logical to hold that a court is not acting illegally if it refuses to consider other evidence that would show that a turnover order might probably be denied. It is our conclusion that the evidence of other actions pending that might show that a controversy exists as to ownership or title does not render illegal the court's refusal to vacate or modify the order for examination.

Petitioner relies upon Findley v. Jordan, supra, 222 Iowa 46, 47, 268 N. W. 515, 516, where we sustained a writ of certiorari, holding: "* * * that the evidence deduced during the two days of examination of petitioner established beyond question that a controversy existed between petitioner and the administrator with respect to the question whether petitioner had acquired title to and rightful possession of the property from decedent prior to his death." The case is not in point on either the question of jurisdiction to make the order or the legality of the court's refusal to vacate or modify the order. The right of the court in the Findley case to make the order was not challenged. In the Findley case, however, we pointed out that the existence of the controversy had been established, and we then stated:

"When that point was reached the court had proceeded as far as its jurisdiction extended under the provisions and purposes of section 11925."

Petitioner argues, in effect, that that point has already been reached here, as demonstrated by the pending suits. It is to be observed that that point was reached in the Findley case after two days of examination wherein petitioner produced writings of the deceased and other evidence of the claimed gift. That point was not reached in the Findley case by testimony of a naked conclusion that the property was given to petitioner.

The conduct of the examination is, of course, largely within the discretion of the court. We have pointed out that the only statutory limitation is that it touch upon wrongful

possession of the deceased's property. The court in the Findley case rightly allowed the examination to proceed until it brought out the facts and circumstances surrounding the transactions upon which her claim of gift was based. The hearing was being had before a referee and we, in effect, merely held that the court acted illegally in refusing, after two days of examination, to sustain petitioner's objections to further examination.

It follows that the writ must be, and it is, annulled.—Writ annulled.

All JUSTICES concur.