WESTERN DIST.
· *Oct.* 1838.

ZAIRE
*vs.*
BODIN.

Where the court is unable from the evidence, to strike a final balance in the settlement of an administrator's account, the case will be remanded for a new trial.

---

### ZAIRE *vs.* BODIN.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF OUACHITA.

An appeal will not lie from a judgment or order of the Probate Court, ordering an inventory to be made and appointing an attorney of absent heirs, even when it is urged the will dispenses with this and that the property is all devised to the instituted heirs.

This case comes up on an opposition to the application of A. Bodin, Esq., to be appointed dative testamentary executor to the estate of Michel G. Pomier, deceased. He alleges he is the attorney of the absent heirs of François Gallez, who was one of the instituted heirs, and named by the executor in the will.

The plaintiff in the opposition, Emelie Zaire, alleges she is the only surviving instituted heir of the deceased, and has the exclusive right to be appointed executrix under the will; that she is in possession of the property of the succession as

ZAIRE
vs.
BODIN.

heir, and that the applicant has no claim whatever to be appointed to the executorship. She prays that his application be rejected.

The judge of probates decided that it was admitted the deceased left a will, which was proved but never made executory. The opposition was sustained, and the application of A. Bodin dismissed. It was further ordered that the will be probated and executed; and that an inventory be made of the succession; and I. Garrett, Esq., attorney at law, be appointed attorney of the absent heirs.

From this judgment, the plaintiff in opposition appealed.

*M'Guire,* for the appellant.

*Garrett,* contra, moved to dismiss the appeal on several grounds, but mainly that it was not an appealable case.

*Martin, J.,* delivered the opinion of the court.

This is an appeal taken from an order that an inventory of the estate of the appellant's testator, and an appointment of an attorney to represent the absent heirs be made.

The dismissal of the appeal is prayed for, on the ground that it is not from a final judgment, nor from an interlocutory order, which causes an irreparable injury.

An appeal will not lie from a judgment or order of the Probate Court, ordering an inventory to be made and appointing an attorney of absent heirs, even when it is urged the will dispenses with matter, and the property all devised to the instituted heirs.

The appellant is testamentary executrix to the deceased, and it is difficult to imagine how she can be irreparably injured by an inventory of the estate being made. She contends that it does, because the will dispenses her from making one, and all the property is devised to her and another person named in the will; so, also, there was no necessity for appointing an attorney to represent the absent heirs.

She urges that the order requiring an inventory to be made, and the appointment of an attorney to the absent heirs will subject her to useless costs.

If the interlocutory order was improperly made, it will occasion no irreparable injury, because when the cause is finally disposed of, the costs attending it will be recovered from the party who provoked it.

It is, therefore, ordered, adjudged and decreed, that the appeal be dismissed with costs.