In the Matter of the Estate of E. C. PYLE, Deceased, upon Petition of F. H. PYLE, Appellee, v. HARRY E. PYLE, Appellant.

1. **Appeal: ORDERS: SPECIAL PROCEEDINGS.** An appeal lies from an order upon a motion, filed in a proceeding in probate to require one to account to the administrator of the estate for property alleged to be in his possession, when such order affects a substantial right of a party thereto.

2. ———: ———: ———. Where a petition was filed in a proceeding in probate to require one to appear and submit to examination as to his possession of property belonging to the estate of the decedent, and the court made an order, after such examination, finding that such person had been in copartnership with the decedent, and directing the administrator to commence an action in equity for the recovery of the property due the estate after the adjustment of the partnership affairs, *held*, that no right of the party examined was affected by such order as to entitle him to appeal therefrom.

*Appeal from Van Buren District Court.*—HON. H. C. TRAVERSE, Judge.

WEDNESDAY, FEBRUARY 4, 1891.

THIS is a proceeding for the discovery of property belonging to the estate of the decedent. From an order directing the administrator to bring an action in equity for the recovery of such property, the defendant appeals. *Dismissed.*

*Wherry & Walker*, for appellant.

*Sloan, Work & Brown*, for appellees.

ROBINSON, J.—The plaintiff is one of the heirs of E. C. Pyle, deceased. He alleges that the defendant and the deceased were engaged together in business at the time of the death of the latter, and that the defendant has in his possession property which belongs to the estate. The relief asked is that the defendant be required to appear and answer, under oath, in regard to the property, and to produce the books pertaining to the said business, It was granted, and defendant was examined under oath. His testimony and certain writings introduced showed that he and the decedent, who was his father, had been engaged in the jewelry business under an agreement in writing, by virtue of which the father was to furnish the necessary stock, and the defendant was to manage the business. The agreement does not, in terms, state who shall own the stock when furnished, nor how it shall be divided when the partnership shall be dissolved. The defendant claims that by virtue of a verbal agreement he was to own one-half of the stock ; and that, in consequence, one-half of the stock as it existed at the death of the father, belonged to him ; and that he has already accounted for the remainder.

At the close of the evidence the plaintiff moved that the defendant be required to account to the administrator for the undivided property of the firm. The motion was taken under advisement, and on a subsequent date the court made a finding of facts and an order in words as follows    " The court finds that said

VOL. 82—10

Harry E. Pyle claims to own one-half of the remaining original capital of the late partnership between himself and his father, and yet he admits in his testimony that the late E. C. Pyle put all pecuniary or money capital into the late firm, and the written agreement between the parties, as well as the testimony of Harry E. Pyle, fails to show that he was to receive any part of the original capital. The administrator is, therefore, ordered to bring an action in chancery, and to take all necessary legal steps to recover for the estate all the remaining portions of the original capital of the late firm; that is to say, to remove all the remaining assets or property of the said firm after its debts are paid, and the profits are divided according to the written agreement of copartnership. The cost of taking and perpetuating the testimony of Harry E. Pyle will be taxed to the estate." The bill of exceptions recites in addition "that, after the final submission to the court, it was by the court ordered and adjudged that the said Harry E. Pyle has in his possession property described in said petition for citation belonging to the estate of E. C. Pyle, deceased; and it was further ordered by the court that the administrator of said estate, to-wit, George D. Scott, commence an action in equity for the settlement of the partnership, and to recover the possession of said property, or its value, to the said estate."

I. The appellee has filed a motion to dismiss the appeal, which is based on several grounds, the sub-stance of which is that an appeal does not lie from the order made by the district court. This is a special proceeding, claimed to have been instituted under the provisions of section 2379 of the Code. An appeal may be taken to this court from "a final order made in special proceedings affecting a substantial right therein." Code, sec. 3164.

1. APPEAL: orders: special proceedings.

II. The question presented for our determination is whether such a right was affected by the order in question. The plaintiff was not the executor of the estate of decedent. He was

2. THE same.

interested in it as an heir, but was not, and does not claim to be, entitled to possession of any of the property in controversy. He does not ask that he be awarded any property, and does not claim to appear in the right of the administrator. No relief was granted to him. The bill of exceptions recites that it was adjudged that defendant "has in his possession property described in said petition for citation, belonging to the estate of E. C. Pyle, deceased," but where, as in this case, the judgment or order actually made was entered of record, and is not disputed, we do not go to the bill of exceptions to ascertain what it is. The petition filed by the plaintiff does not describe any property, but charges generally that the defendant has property in his possession which belongs to the estate of the decedent, and, in effect, asks a discovery. The finding of the court, if it be held to have decided that the defendant has property belonging to the estate of decedent, does not specify the property so held. It is too indefinite to be treated as an adjudication of the rights of the defendant to any specific property, and in fact no relief whatever was granted to the plaintiff, nor awarded as against the defendant. There is nothing in the order made which would estop the defendant to claim title to any of the property in controversy, for the following reasons: This order does not identify the particular property to which it refers ; it does not assume to adjudicate the right of the defendant therein ; the court did not have jurisdiction of the parties necessary to determine the title to the property in controversy ; the court did not have jurisdiction in this proceeding to adjust and settle the partnership affairs of the defendant and decedent, and did not attempt to do so. The order made did not affect the right of the defendant to retain and use and dispose of the property at his pleasure. His rights have not been in any manner determined, prejudiced nor otherwise affected by the order of which he complains. It does not require of him so much as the payment of the costs of the proceeding All the court assumed to do was to direct the administrator to

commence an action to ascertain and enforce his rights, and the finding of fact was intended to be a justification of the order. Whether the order is obligatory upon the administrator is a question in which the defendant has not, in this proceeding, any legal interest. It follows from the conclusions announced that the appeal was improperly taken.

The case is DISMISSED.