IN THE MATTER OF THE ESTATE OF PHILIPHENE
BEHRENS, Deceased.

**New Trial.** An order entered in a proceeding by an administrator to recover property alleged to belong to the estate which directs the return of a sum of money with interest, will be vacated where the administrator's petition asked for the return of a note.

**Appeal.** An appeal will lie from a decision which overrules a demurrer to a petition for re-hearing in a proceeding by an administrator to obtain property alleged to belong to the estate.

**SAME.** The granting of a new trial in a proceeding instituted by an administrator to recover property alleged to belong to the estate, rests in the discretion of the court, and its decision will not be reversed on appeal, in the absence of abuse of such discretion.

**RULE APPLIED.** Defendant was cited under Code 1873, section 2379, to be examined with reference to a writing in his hands which it is claimed belonged to the estate of which petitioner was the administrator. After the close of the term at which the examination was held, the court made an order directing the defendant to pay the administrator three hundred dollars. Defendant petitioned for a re-trial, on the ground that the original petition did not ask a personal judgment against him; that he had no notice thereof until the order was served upon him; that the order was entered in vacation, and without his consent; that he was misled by statements of counsel for the petitioner into believing that no personal claim was made against him; that he never had any money belonging to the estate; that the writing referred to was merely a memorandum made by him as priest at the time the deceased made a gift to the church; that the court in the examination, which was conducted partly in German and partly in English, misunderstood the effect of the memorandum. *Held*, that the grant of a new trial was in the sound discretion of the trial court.

*Appeal from Lee District Court.*—HON. HENRY BANK,
Judge.

THURSDAY, DECEMBER 16, 1897.

APPEAL from an order granting to one Peter Kern a new trial upon a petition presented by the administrator of the estate of Philiphene Behrens for the examination of said Kern with reference to property, in his hands, belonging to the estate.—*Affirmed.*

*J. M. Hamilton* and *J. L. Benbow* for appellant.

*Craig & Harrington* and *Bernard Dolan* for appellee.

DEEMER, J.—Section 2379 of the Code of 1873 provides, in substance, that the court may require any one having the effects of one deceased under his control to appear and submit to an examination under oath touching the matter, and, if it appears that he has the wrongful possession of any such property, may order the delivery of the same to the executor of the estate. The administrator filed his petition under this section, and Kern was examined before the court with reference to an instrument in writing in his hands, which it was claimed belonged to the estate. After the examination was concluded, and after the term at which the examination was held closed, the court made an order directing Kern to turn over to the administrator the sum of three hundred dollars in money within thirty days from date. At the beginning of the first term of court after the order was made, Kern filed what he denominated a "petition for re-hearing," in which he recited, in substance, that no personal claim was made against him in the original petition, and that he did not learn any such claim was made until after the order was entered and served upon him; that the order was entered in vacation, and without his consent or agreement, and that he was misled by statements and promises of counsel for the executor into believing that no personal claim would be made against

him; that he never had any money belonging to the estate of Behrens, and that the note referred to in the original petition was nothing more than an undelivered memorandum made by him as priest, at the time deceased made a gift to the church of which he was in charge; that the court, in his examination, which was conducted partly in German and partly in English, misunderstood the effect of the memorandum. On these allegations, Kern asked for a re-trial of the case. The administrator demurred to the petition, on the ground that it constituted no defense to the order. This demurrer was overruled and the appeal is from the ruling.

Appellee contends that the ruling is not appealable. In the case of *In re Pyle*, 82 Iowa, 146, we held that an appeal might be taken from an order made under section 2379 of the Code of 1873. If an appeal will lie from such an order, it will, *a fortiori*, lie from an order granting a re-trial of the proceedings. After making certain admissions in his amended abstract, appellee "denies that his abstract and that of appellant and the two together are true or correct or contain the record." The admissions relate to the matters of record above recited. Every other statement in appellant's abstract is eliminated by the denial, and the sole question left for our consideration is whether the court erred in sustaining the demurrer to the petition for a re-trial. A court has power, after the term at which an order is made, to vacate or modify such order for irregularity in obtaining the same, or for fraud practiced by the successful party. The allegations of the petition for re-hearing clearly show that the order made by the court was irregular, in that it was, in effect, a judgment against Kern for the sum of three hundred dollars with interest, whereas the petition or affidavit filed as a basis for

the proceedings simply asked that Kern be ordered to turn over a note held by him to the administrator; and this was all the citation required him to meet. He was not aware that any claim for personal judgment was made until served with a copy of the order made by the court.

Again, the petition for re-trial recites that the alleged note was a mere memorandum, which was never delivered, and that the trial court was misled, because of the fact that the proceedings were conducted in two languages, into believing that the instrument was a note signed by Kern, or that Kern had received a certain sum of money from the deceased. The petition also recites that the memorandum, when properly translated, shows on its face that the money obtained was given to the church of which Kern was a priest, or to the bishop of that church, and that he never had any interest in the same. The granting of a new trial in such a proceeding as this rests peculiarly within the sound discretion of the court. From the facts above recited, we think it clearly appears that there was no such abuse of discretion as will justify us in interfering. The demurrer was properly overruled, and the order is AFFIRMED.