WILLIAM R. MCALLISTER, APPELLANT, V. LAURA L. PITTS, IMPLEADED WITH LIZZIE FONNER, APPELLEE.

FILED APRIL 6, 1899. No. 8820.

1. **Review:** CONFLICTING EVIDENCE. A question of fact determined on conflicting evidence will not be disturbed on review, if the finding is sustained by sufficient evidence.

2. **Guaranty:** RELEASE. Where the guarantor of a promissory note tenders to the holder the amount due, which the latter declines to accept, stating that he will not hold the guarantor for the debt, but will look to the maker alone for payment, and the guarantor, in reliance on such promise or statement, omits to obtain indemnity, or otherwise changes his position with reference to the maker or suffers damages, he is discharged to the extent he has been thereby damaged.

APPEAL from the district court of Hall county. Heard below before THOMPSON, J. *Affirmed.*

*W. A. Prince,* for appellant.

References: *Hume v. Peploe,* 8 East [Eng.] 168; *Walker v. Barnes,* 5 Taunt. [Eng.] 240; *City Bank v. Cutter,* 3 Pick. [Mass.] 414; *McCreary v. Newberry,* 25 Ill. 496; *Reuben v. Dowd,* 46 Fed. Rep. 800; *Tompkins v. Batie,* 11 Neb. 147; *Wells v. Davis,* 2 Utah 411; *Myers v. Malcom,* 20 Ill. 621; *Whatley v. Tricker,* 1 Camp. [Eng.] 35; *Hanchet v. Birge,* 12 Met. [Mass.] 545.

*W. H. Thompson* and *O. A. Abbott, contra.*

References: *Harris v. Brooks,* 21 Pick. [Mass.] 195; *Wolf v. Madden,* 47 N. W. Rep. [Ia.] 981; *Rowley v. Jewett,* 9 N. W. Rep. [Ia.] 353; *White v. Walker,* 31 Ill. 422.

NORVAL, J.

This is an appeal by the plaintiff from the denial of his application for a judgment against one Lizzie Fonner for the amount of deficiency remaining unpaid the plaintiff after the sale of mortgaged premises under a decree of foreclosure. The undisputed facts may be briefly

summarized thus: On January 4, 1890, Charles D. Pitts gave his promissory note in the sum of $1,000, payable to the order of James Fonner, on or before four years after its date, with interest at the rate of ten per cent per annum, which note was secured by a mortgage on certain real estate situate in the city of Grand Island. The payee sold and indorsed the note to the defendant and appellee Lizzie Fonner. She afterward sold the note to plaintiff, indorsing the same as follows:

"For value received, waiving presentment for payment, protest and notice thereof, the payment of the within note at maturity, or any time thereafter, is guarantied.

"LIZZIE FONNER."

Plaintiff brought suit to foreclose the mortgage given to secure the note, a decree of foreclosure was rendered, the premises were sold thereunder, and a deficiency of $771.76 was found to exist. Plaintiff sought to hold Mrs. Lizzie Fonner for the amount of such deficiency, and upon the trial judgment was entered in her favor. Mrs. Fonner pleaded in her answer that she was released because the plaintiff, after the maturity of the note, for a valuable consideration had extended the time of payment without her consent. A perusal of the evidence fails to disclose that this defense was established upon the trial. It was alleged as a defense, and Mrs. Fonner so testified, that she received a notice from plaintiff in January, 1894, advising her of the maturity of the note in question, and urging prompt payment thereof; that shortly thereafter she went to the office of the plaintiff with sufficient money to pay the note and tendered Mr. McAllister the money, and he declined to accept the same, stating that he did not intend to hold her for it, or look to her for the payment of the note; that on March 6, 1894, she received from plaintiff a second notice regarding the note, whereupon she again went to Mr. McAllister's office with the money with which to pay the note. We quote her testimony as to what transpired at this last interview:

Q. After receiving that letter, what did you do, if anything?

A. I went over to McAllister again with the money.

\*        \*        \*        \*        \*        \*        \*

Q. Then what did you do?

A. I went over to Mr. McAllister's office to proffer him the money.

Q. How did you proffer him the money?

A. I took my pocketbook out of my pocket and told him I wanted to straighten it up and pay it, and he says: "I don't intend to look to you for it at all."

Q. Did he accept the money?

A. No, sir; he didn't.

Q. State whether or not you had the money there to pay both the note and interest at that time, and offered it to him.

A. Yes, sir.

Q. State what you did there at the time you went to Mr. McAllister's office.

A. I had the cash money and offered it to him.

Q. Do you know how much money you had, or about how much?

A. I had something over $1,400.

Q. Now you say you offered him the money; how did you offer it to him?

A. I took my pocketbook out and I told him I wanted him to take the money and I wanted to pay the note; I didn't want to be bothered with it any longer. He says, "I don't intend to hold you for it, Mrs. Fonner," and I says, "Why did you write this second notice?" and he says, "That is a matter of form; on the first of the month I notify every one."

In the foregoing Mrs. Fonner is to a considerable extent corroborated by the testimony of John Fonner, who claimed to narrate a conversation which he had with the plaintiff with reference to the note in suit. Mr. McAllister, while on the witness-stand, positively denied having the conversation with Mrs. Fonner to which she testified,

and asserted that she never produced, tendered, or offered him any money in payment of the note. The trial court upon this conflicting evidence decided the issue in favor of Mrs. Fonner, and the established doctrine of the court is that a question of fact determined on conflicting evidence will not be disturbed or reviewed if sufficient to support the finding. This rule we are not at liberty to depart from. We must, therefore, in the further consideration of the case regard as a settled fact that which the testimony of Mrs. Fonner tends to establish. The mere tender of the amount due on a note by the maker, of itself, is insufficient to extinguish the obligation or to constitute a defense to an action upon the note. Tender alone could only affect the question of interest and costs. This principle is so firmly settled as not to require the citation of authorities in support thereof. But Mrs. Fonner was not the maker of the note in question, and was not primarily liable for the debt. She guarantied the payment of the obligation, and stood in the relation of surety to Mr. Pitts. She had the right to pay the note and be subrogated to the rights of the holder of the note and mortgage and proceed at once to enforce the payment of the debt against the maker and mortgagor. At the time the tender was made the mortgaged premises are shown to have been worth more than sufficient to pay the entire obligation. The property subsequently so depreciated in value as to be insufficient to pay one-half of the amount of the mortgage debt. By plaintiff refusing to accept the money from Mrs. Fonner when tendered, he lulled her into security, or at least prevented her from obtaining indemnity, and discharged her to the extent she was damaged by relying upon the acts and statements of the plaintiff. (*Harris v. Brooks*, 21 Pick. [Mass.] 195; *White v. Walker*, 31 Ill. 422; *Rowley v. Jewett*, 56 Ia. 492; *Wolf v. Madden*, 82 Ia. 144.) The judgment is

AFFIRMED.

HARRISON, C. J., not sitting.