F. C. SUTTON, Appellee, v. F. H. RHODES et al., Appellants.

MARCH 15, 1927.

SUPPLEMENTAL OPINION FEBRUARY 7, 1928.

W. H. Morling, for appellants.

Royal & Royal, W. L. Harding, and George Harnagel, for appellee.

EVANS, C. J.—Personal judgment was entered against both of these appellants in the district court of Polk County on December 11, 1924, in the above entitled case. The case involved a  foreclosure of a mortgage upon certain real estate upon which these appellants claim to have held a junior lien. Their petitions, respectively, were filed on January 24, 1925. Inasmuch as these petitions are identical, we shall not refer to them again in the plural. The grounds of attack upon the validity of the judgment are set forth in many details in the petition and in the arguments. We think, however, that the controlling question in the case is the sufficiency of the original notice to sustain a personal judgment by default against these appellants. The

argument for the appellants may be summarized into two propositions:

(1) That the original notice did not apprise the defendants that a personal judgment against them was prayed, and that, therefore, the court exceeded its jurisdiction in entering decree for personal judgment.

(2) That, if the original notice was intended to confer jurisdiction upon the court to render personal judgment, then its terms were such as were calculated and intended to mislead and deceive the appellants, and that they did so deceive and mislead the appellants, and that they operated as a fraud upon the appellants, within the meaning of Paragraph 2, Section 12787, Code of 1924.

The appellants tendered an answer showing a complete defense as against personal judgment. They also introduced evidence at the hearing *prima facie* sufficient to support such defense. Preliminary to a consideration of the ultimate question, it will be necessary to state certain facts which are claimed by appellants, and which are supported by the offered evidence. The mortgage foreclosed was owned by a bank in Polk County, of which the plaintiff, Sutton, was cashier. It was executed by Cohen and Norton and their wives, and covered certain real estate in the city of Des Moines. It was for $8,000, and subject to a first mortgage for $14,000. The mortgaged property was acquired by one Nash. The appellants were bankers, engaged in business in Emmet and Dickinson Counties. Nash was their debtor for several thousand dollars. They held security from Nash on certain Guthrie County land. They released such security, and in lieu thereof accepted security in the form of a deed of this mortgaged property. Such deed was executed by Cohen and Norton and wives pursuant to the arrangement of Nash. The deed stated a consideration of one dollar, and was made subject to two mortgages heretofore referred to. This fact was at the time communicated to the holder of the mortgage, plaintiff herein. In July, 1924, this foreclosure suit was brought, and an original notice was served upon the appellants. The portions of such original notice which are material for our consideration were as follows:

"You are hereby notified that there is now on file in the office of the clerk of the district court of the state of Iowa in and

for Polk County, in the above entitled cause of action, the petition of the plaintiff, claiming of the defendants, Louis Cohen, Molly Cohen, Max Norton, Annie Norton, F. H. Rhodes and G. C. Taylor, the sum of eight thousand dollars ($8,000.00) with interest thereon at 8% per annum, payable semiannually, from the 16th day of November, 1923, *on account of the certain promissory note for said amount executed by the said defendants;* * * * and for the costs of this action, including attorney's fees as provided *by said note and mortgage, and for the foreclosure against all of the above named defendants of the mortgage given by Louis Cohen, Molly Cohen, Max Norton and Annie Norton, to secure the payment of said note* and the other items above claimed, of even date to said mortgage, said mortgage covering the following described property,—to wit: The east one half (½) of Lot 1, Block 1, of Bates' Subdivision of Lots 1 and 2 of Rose's Addition to the town of Fort Des Moines, an addition now included in and forming a part of the city of Des Moines, Polk County, Iowa, and praying that whatever right, title or interest in or to, or lien by lease or assignment thereof, or otherwise, upon said described premises, you or either of you may have or claim to have *may be decreed to be junior and inferior to the plaintiff's said mortgage and that your equity of redemption therein may be forever barred and foreclosed.* You are further notified that Harry Bookey has been appointed by this court to act as receiver, that he has taken possession of said premises and shall have control over same, and that he will collect all rents and manage and control said property until the time of redemption from execution sale has expired, or until the amount claimed in said petition has been fully paid, and that he will apply all rents and profits from said premises, less the costs and expenses of said receivership, to the payment of said indebtedness. For further particulars see petition now on file. And that unless you appear thereto and defend before noon of the second day of the next term of this court, being the September term of the said court, which will commence at the courthouse in Des Moines, Iowa, on the 8th day of September, 1924, default will be entered against you and judgment and decree rendered thereon as prayed."

The appellants construed this notice as referring to their junior lien upon the mortgaged property, and as intended to

establish the priority of the mortgage lien over such junior lien. They recognized such priority, and made no appearance. The decree later entered declared against them in terms a "personal judgment" for somewhat more than $13,000, including interest payments on prior mortgage, and including taxes paid. There was no averment in the petition which would sustain a personal judgment against the appellants, unless it be Paragraph 16 thereof, which was as follows:

"16. That on or about November 16th, 1922, the note and mortgage herein sued on became due by their terms, and notice of such maturity was given to the defendants F. H. Rhodes and G. C. Taylor. That said defendants were then the owners of said mortgaged premises, and did orally request the Home Savings Bank, which was then the owner and holder of said note and mortgage, to extend the time of payment on said indebtedness; and in consideration of such extension the said owners did assume and agree to pay the said mortgaged indebtedness of eight thousand dollars ($8,000.00) herein sued on. That the Home Savings Bank, in reliance on said agreements, did extend the time of payments on said note to November 16th, 1924. That by reason of these facts the defendants F. H. Rhodes and G. C. Taylor are personally liable for the payment of the said mortgaged indebtedness."

This is the paragraph of the petition upon which appellee relies to support the personal judgment. It will be noted that this paragraph purports to set forth an express and independent oral agreement on the part of the appellants, and to predicate liability thereon. But the original notice contains no reference whatever to such contract.

It further appears that the decree entered personal judgment against the Cohens and the Nortons, and further provided that the appellants herein should be liable over to them for any payments which they might be compelled to make on such personal judgment entered against them. This portion of the decree was predicated upon no pleading, nor did the original notice served upon them contain any reference to such relief in favor of codefendants. The question presented is: Was the original notice in form and terms fairly subject to the interpretation which the defendants put upon it, and were they justified in construing the same as a mere notice of foreclosure against

them as junior lien holders? Was the notice in terms and form sufficient to charge these defendants with notice that a personal judgment would be taken against them on an alleged independent oral agreement on their part to pay the Cohen and Norton debt?

The notice nowhere in terms refers to a "*personal* judgment." It does state that "judgment and decree" will be entered upon default, but this does not necessarily imply "personal judgment." A "judgment" is an adjudication. A decree in foreclosure against a junior lien holder is no less a "judgment" than it would be if entered *in personam*. The decree purported in terms to enter "*personal* judgment" against the defendants. The plaintiff was not satisfied to take his decree in the terms of the original notice.

Upon the record before us, there was in fact no semblance of liability of appellants to a "personal judgment." We so treat the record as *prima facie* only. Decree was entered *pro forma* as one entered by default.

We are not concerned as to the jurisdictional scope of the decree as between appellants and innocent third parties who had acted in reliance thereon. Only the original parties to the litigation are affected by the determination of this application. We deem it clear that the interpretation put upon the terms of the original notice by the appellants was that which any person would naturally and ordinarily put thereon, in the light of the surrounding facts. If it were really intended thereby to apprise the appellants that a personal judgment would be sought against them, then its form and terms were grossly misleading. To say the least, they operated as a constructive fraud upon the appellants. We can conceive of no legitimate reason why the plaintiff, who was responsible for its form and terms, should take fruit therefrom. If the notice was so drawn with intent to mislead or to lull into security, then manifestly the plaintiff would have been guilty of an intentional fraud. But the absence of intent does not relieve plaintiff from responsibility for the form and terms of his original notice. He must be held to know that the notice operated to conceal, rather than to reveal, the recitals of Paragraph 16 of the petition. There is no legitimate reason for evasion or concealment in an original notice. There is no legitimate reason why plaintiff should not be charged with

the deficiencies of an original notice, nor any reason why, as against him, it should not be construed most favorably in favor of his adversary.

It is contended by appellee that this proceeding is at law, and not in equity, and that, therefore, the findings of the lower court are conclusive. The proceeding purported to be in equity below. The original cause was in equity. The filings in this court have been denominated "in equity." This is true of appellee's amended abstract. Only the brief of appellee has denominated the proceeding otherwise. We think the proceeding was appropriately heard on the equity side, where the original case was brought.

It is our conclusion, upon this record, that the taking of decree for a personal judgment against these appellants without other original notice than appears in this record was a legal fraud, and that the appellants are entitled to relief therefrom. *Skvor v. Weis*, 153 Iowa 720; *Blain v. Dean*, 160 Iowa 708. In view of our conclusion at this point, we have no occasion to discuss the collateral relief awarded against the appellants to their codefendants. The personal judgment against these appellants should have been vacated and set aside, both as to the plaintiff and as to their codefendants.

The order entered below is, accordingly, reversed, and the cause will be remanded for proceedings consistent herewith.— *Reversed and remanded.*

STEVENS, DE GRAFF, and ALBERT, JJ., concur.

MORLING, J., not participating.

### Supplemental Opinion.

EVANS, J.—A petition for rehearing having been filed herein, we deem it proper to supplement our original opinion.

(1) The appellants were served with original notice in July, 1924. They became in default on September 9, 1924. On  November 13, 1924, the plaintiff filed an amendment to his petition, claiming an additional sum of $495, and recovery for such additional sum was allowed in the decree. No notice of this amendment was served.

(2) The decree entered personal judgment against Louis

234

Cohen and wife, Max Norton and wife, F. H. Rhodes, and G. C.  Taylor. The decree further provided that for any sum or sums which the defendants Cohen or Norton should be compelled to pay upon the judgment, "that they shall have judgment over and against the defendants F. H. Rhodes and G. C. Taylor, who are primarily liable for the amounts due hereunder."

Neither Cohen nor Norton filed any pleading in the case. Neither the original notice nor the petition of the plaintiff contained any reference to the relief thus granted in the decree. Nor was there any cross-petition by Cohen or Norton against these defendants, asking such relief.

On their face, the foregoing matters would seem to be sufficient, in and of themselves, to require a setting aside of the decree in so far as it entered personal judgment against the petitioners, and a granting of a new trial on such issue.

On June 24, 1925, and while this proceeding was on hearing in the district court, the plaintiff filed a purported remittitur of the item of $495 and interest thereon, covered by his amendment to his petition. Petitioner's petition to vacate was filed on January 24, 1925. This remittitur was doubtless intended to cure the infirmity in the decree to that extent. Whether the infirmity could be so cured, we need not decide. The remittitur seems to have been wholly ignored in the later proceedings in the case. The plaintiff filed no pleading therewith, nor did he put it in evidence. At the close of appellants' evidence, and without introducing evidence on his own part, the plaintiff presented to the court his motion to dismiss the petition to vacate, because there was no showing of "grounds for vacating, modifying, or setting aside the judgment and decree as was made and entered, * * * " and "ask that the judgment and decree of this court as heretofore made and entered on the 11th day of December, 1924, be affirmed." This motion was submitted with the case, and was sustained by the final judgment of the court on November 12, 1925.

With this supplement, the petition for rehearing is overruled.