No. 35,423

In re Estate of R. K. Crawford, Deceased. (MAX CRAWFORD, Executor, *Appellant*, v. BEULAH I. CRAWFORD, *Appellee*.)

(121 P. 2d 206)

Opinion filed January 24, 1942.

*Theodore M. Metz*, of Lincoln, for the appellant.

*James E. Smith*, of Topeka, *Ralph Knittle*, of Salina, and *John J. McCurdy*, of Lincoln, for the appellee.

The opinion of the court was delivered by

HOCH, J.: An executor of an estate was directed by the probate court to file an inventory and appraisal within a specified time. He

appealed to the district court, which dismissed his appeal on the ground that the order complained of was not appealable, within the provisions of G. S. 1939 Supp. 59-2401. From the order of dismissal the appeal here was taken. Early announcement of the decision in this case has heretofore been made, with the statement that this opinion would follow.

Brief recital of the pertinent facts will suffice. T. H. Crawford, a resident of Lincoln county, died in 1932. In 1938 his widow, Beulah I. Crawford, was appointed administratrix of his estate. Soon thereafter she and her children brought an action in the district court asserting that a large amount of property held in the name of R. K. Crawford was in fact partnership property owned by a partnership of which her husband had been a member. She asked for dissolution of the partnership and for an accounting. Issues were joined by answer and reply. In May, 1940, a special referee was appointed and testimony taken from time to time until June, 1941. On January 4, 1941, R. K. Crawford died, and Max Crawford, appellant herein, was named executor of his estate, and as such succeeded R. K. Crawford as defendant in the action above described. After his appointment the probate court granted Max Crawford an extension of time to April 21, 1941, in which to file inventory and appraisal of the R. K. Crawford estate properties. Subsequently, a further extension of time to June 20 was granted, and on June 20 the executor asked another extension of ninety days. Beulah I. Crawford filed a petition in the probate court objecting to such further extension and asking that the executor be directed to file the inventory and appraisal forthwith. To this petition the executor demurred on the ground that Beulah I. Crawford was not an heir or creditor of R. K. Crawford or such an interested party as to entitle her to oppose the motion for further extension of time. The demurrer was overruled and the executor ordered to file the inventory and appraisal on or before September 2. From that order the appeal to the district court and then to this court followed. The briefs contain recitals which need not be noted, as to the nature of the primary controversy between the parties, as to extensions of time granted to appellee for filing her inventory and appraisal in the estate of her deceased husband, and as to various motions not material to the instant issue.

The probate code (G. S. 1939 Supp. 59-1a01 et seq.) provides for filing of inventory and appointment of appraisers in certain cases,

within thirty days after appointment of the executor or administrator (59-1201, 59-1202) and for filing of appraisement within sixty days after appointment of the appraisers (59-1202). The statutory requirement in the instant case called for such filings on February 20, 1941, and April 21, 1941, respectively. By successive orders appellant was granted extensions to September 2, 1941—more than seven months after his appointment. On the record it appears that the probate court was exceedingly liberal with appellant in the matter. The record does not disclose any reason why the inventory and appraisement could not, by full disclosure, reflect the executor's contentions concerning the property which he contends belongs to the R. K. Crawford estate. The mere filing of such inventory and appraisement, required by the statute, would in no way determine the substantive issues involved in the controversy between him and Beulah I. Crawford. The order of the probate court which gave the executor far more than the statutory period within which to file the inventory and appraisal was not a "final decision" within the meaning of G. S. 1939 Supp. 59-2401, § 21, or otherwise an appealable order within any other provision of the section. The following cases are either directly in point, under similar statutes, or are supportive in character: *Zaire v. Bodin*, 12 La. 611; *Kimball, Ex'r, v. Kimball*, 19 Vt. 579; *Leach v. Leach's Executor*, 50 Vt. 618, 620; *In re Pyle*, 82 Ia. 144, 47 N. W. 864; Ann. Cas. 1913 C, 850, 860.

We need not discuss appellant's contention that appellee had no interest entitling her to oppose further extension of time. Under allegations of her petition she had a very substantial interest in the estate of R. K. Crawford, but whether she had or not makes little difference here. The probate court not only had the right, but the duty, under the statute, to require on its own motion the filing of the inventory and appraisement. The fact that appellee petitioned it to do so in no way affected the court's power to make the order. Further, it may be noted in passing that if appellant's motion for further extension of ninety days had been granted the period would have expired on September 18, 1941, and he has therefore already had much more time than he asked.

The judgment is affirmed.