In re Estate of John J. Galleger.

William J. Galleger et al., Appellees, v. Mary A. Schumacher, Appellant.

No. 46152.

April 6, 1943.

Dwight G. McCarty, of Emmetsburg, for appellant.

Edward D. Kelly, of Emmetsburg, for appellees.

Wennerstrum, J.—This appeal comes before this court by reason of a judgment entered against Mary A. Schumacher, as an

individual, on an application and citation for an accounting to be made in the trusteeship provided for in the will of John J. Galleger, deceased. A default judgment was entered against Mary A. Schumacher on August 13, 1941, and eight days thereafter she filed an application to set it aside. This application was thereafter denied by the trial court. The defendant, Mary A. Schumacher, has appealed from this ruling.

A recital of the facts relative to the entry of the judgment and the proceedings to set it aside is necessary in order to make possible a complete understanding of the matters that are now before this court.

John Galleger died testate on or about April 28, 1918, leaving surviving him his widow and seven children. The will of the decedent was admitted to probate and Mary A. Schumacher, Nellie A. Sullivan, and Lillian B. Culligan were appointed executrices and trustees without bond. The will devised to the trustees certain land for the benefit of two sons of the decedent, namely, William J. Galleger and Joseph J. Galleger. In that part of the will relative to the trusteeship is found the following provision:

"It [is] my further will and desire and I so direct, that my said sons, William and Joseph shall as far as possible consistent with the provisions hereinabove mentioned have the management, care and control of said premises * * *."

The executrices filed their final report on April 25, 1922, which was approved by the court on June 28, 1922. However, in the order approving the closing of the estate it was provided that the executrices continue as trustees.

On March 22, 1940, a report was filed by the trustees, wherein it was stated that for several years past the real estate held in trust had been supervised primarily by Mary A. Schumacher, and had been farmed by her husband, Joe Schumacher. The report further stated that there existed some misunderstanding between the trustees and the beneficiaries as to the exact amount due the latter. This report further provided that certain payments were reported as made but these payments were to be considered only as tentative adjustments and not binding upon any of the parties concerned. The trustees asked that the re-

port as submitted be approved; that the duties of these trustees be terminated and that the active control, management, and care of the real estate involved be turned over to the beneficiaries; and that the matter of final accounting and final settlement be deferred in accordance with the statements made in the report. This report shows that it was approved by the two beneficiaries. An order was entered by the court on March 22, 1940, relieving the trustees of any further duties and responsibilities in the matter of the active control and management of the real estate until the further order of the court. It, however, provided that jurisdiction of this cause was expressly continued as to all matters properly concerned with this trust and this estate not inconsistent with the order.

On April 21, 1941, William J. Galleger and Joseph J. Galleger filed in the trusteeship an application setting out the facts relative to the matters incorporated in the trustee's report filed on March 22, 1940. In said application it was stated that the incomplete report and accounting of the trustees had not been accepted by the two beneficiaries of the trust. They further asserted that there is a controversy as to the amount of rent due from Joe Schumacher, the tenant, of the land that was held in the name of the three trustees; that the rental of said land should be accounted for on the basis of $5 an acre; that the trustee, Mary A. Schumacher, contends that the rental should be on the basis of $4 per acre. It was further stated that heretofore the parties had been unable to locate a certain written lease which Joe Schumacher, the husband of Mary A. Schumacher, one of the trustees, had signed, but that prior to the time of the filing of the application for accounting said lease had been located and that the same provided for a cash rental of $5 per acre. The applicants asked that an order be entered requiring the three trustees to appear and make an accounting. On April 21, 1941, the trial court entered an order, the material portions of which are as follows:

"(1)   That Mary A. Schumacher, Nellie A. Sullivan, and Lillian B. Culligan and each of them are now hereby required to appear before this court on or before the 10th day of May, 1941, and to then and there make a full and complete accounting

as trustees. in the above. entitled matter, or to show cause to the contrary.

"(2) That the Clerk of this Court send a copy of this Order by registered mail to each of said Trustees."

On August 13, 1941, the trial court entered a default decree and judgment, the material parts of which are hereinafter set forth:

"(3) That Mary A. Schumacher has failed in her duties as trustee herein, and that she has not accounted properly or fully to the beneficiaries; that by reason of her failure to appear herein and account, and by reason of the affirmative evidence now shown to the Court by the beneficiaries, it appears, and the Court so finds and adjudges that Mary A. Schumacher is indebted to William J. Gallegher and Joseph J. Gallegher in the sum of $400.00.

"(4) That judgment is now hereby rendered against Mary A. Schumacher, personally, for the sum of $400.00 in favor of William J. Gallegher and Joseph J. Gallegher, and also for the costs of this proceeding, taxed at_____dollars.

"(5) Nothing herein contained shall be construed to the prejudice of Nellie A. Sullivan and Lillian B. Culligan, as to whom this cause is now continued."

As previously stated, Mary A. Schumacher made application in this trusteeship matter to have set aside the judgment of $400 entered against her personally. She, in part, alleged that in the application for accounting no demand had been made for a judgment in the sum of $400 or any other sum against said trustees, and no demand had been made for a personal judgment against Mary A. Schumacher; that no notice of any kind was served on her notifying her of any such issue pending in the court or that the beneficiary claimants were claiming or demanding the sum of $400 or any other sum either from the trustees or from Mary A. Schumacher as an individual. She further asserted that she had received a copy of the order by mail pursuant to the court's order of April 21, 1941, and that thereafter she conferred with the attorney representing the beneficiary claimants and discussed the matter of a settlement

but no agreement was reached. She further stated, in connection with her application to set aside the default, that no hearing was held on May 10, 1941, although the trustee, Mary A. Schumacher, was ready and willing to appear at that time; that the attorney for the beneficiary claimants stated that it would not be necessary to then appear and that "they would try to work it out first before going into court"; that the court sitting in probate had no jurisdiction to summarily order default judgment against her as an individual in the proceedings then pending seeking an accounting from Mary A. Schumacher as a trustee and her cotrustees; that the court sitting in probate had no jurisdiction or authority to render a personal judgment against Mary A. Schumacher on a disputed claim for rent, and that an action should be brought at law or in equity by said beneficiary claimants against Mary A. Schumacher individually if they claim the right to such judgment and an opportunity given to her to appear and defend and protect her rights; that by reason of the proceedings heretofore had said Mary A. Schumacher was deprived of the due process of law and was deprived of her right to a hearing in court upon an issue presented in a proper legal matter; that all the proceedings in this matter are against Mary A. Schumacher as trustee and against the three trustees for not accounting and collecting the rent and that the trustee's failure to account would require action by the probate court against such trustees and would not justify a default judgment against one of the trustees individually, and that therefore said judgment as entered is illegal, null, and void.

Attached to the application to set aside the default judgment were affidavits of merit of Mary A. Schumacher and Joe Schumacher.

The beneficiaries of the trusteeship resisted the application to set aside the judgment and to their resistance was attached the affidavit of the attorney representing the beneficiaries. There was also appended to the attorney's affidavit, and made a part of it, copies of letters written by him and addressed to Mrs. Mary A. Schumacher, the same being dated as follows: July 28, 1939, December 2, 1939, August 17, 1940, May 29, 1941, June 12,

1941, and August 13, 1941. In this last letter the attorney representing the beneficiaries advised Mary A. Schumacher that judgment had been entered against her for $400. There was also attached to the affidavit of the attorney, a copy of the farm lease entered into between the beneficiaries and Joe Schumacher. This lease has the following provision:

"If we have money enough by May 1, 1934 we shall build the hog house there-fore the rent will be five ($5.00) dollars and acre if not the rent will go on at four ($4.00) an acre."

A hearing was held on November 21, 1941, at which time the court gave consideration to the application to set aside the default judgment and the resistance thereto. The record shows that no evidence was introduced at that time other than an order of court providing for the regular terms of court in Palo Alto county and the holding of special days of court during the summer of 1941, one of which was noted to be on August 13, 1941. With the exception of the order just referred to, the matter was submitted to the trial court on the pleadings to which reference has previously been made and the attached affidavits and exhibits.

On February 2, 1942, the trial court filed an opinion and ruling wherein it held, in part that:

"Mary A. Schumacher as trustee was an officer of this court; that said trustees were duly notified to appear and make final accounting as such trustees * * * that as such trustee she failed to make final accounting; that the probate court had original jurisdiction of the trustees, and when judgment was entered on August 13, 1941, against Mary A. Schumacher the court had jurisdiction, and the entry of the judgment was merely the means used in the orderly procedure of work in the matter. The Court further finds that applicant in her motion to set aside the judgment fails to set out or make any showing of any defense on her part. It therefore follows that the application of Mary A. Schumacher to set aside said judgment should be and the same is hereby denied."

I. A proceeding pertaining to a probate trusteeship is

subject to the same statutory provisions as an executor. Section 11876 of the 1939 Code provides:

"Trustees appointed by will or by the court must qualify and give bonds the same as executors, and *shall be subject to control* or removal *by it in the same manner,* and others appointed." (Italics supplied.)

See In re Sexauer's Trust, Iowa, 287 N. W. 247, 249.

Statutory provisions relative to the administration of estates, and which by reason of the provisions of section 11876 are applicable in our consideration of this case, are found in sections 11984 and 11985 of the 1939 Code. Section 11984 is as follows:

"If the executor or administrator fails to make any payment in accordance with the order of the court, any person aggrieved thereby may, on ten days notice to him and his sureties, apply to the court for judgment against them on their bond."

Section 11985 is as follows:

"The court shall hear the application in a summary manner, and may render judgment against them for the amount of money directed to be paid, and costs, and issue executions against them therefor. If any of the obligors are not served, the same proceedings in relation to them may be had with the same effect as in an action by ordinary proceedings under similar circumstances."

. Proceedings of the nature as anticipated in the statutes quoted were not followed in the matter now before us. It is true that the court had the trustees before it by reason of the citation issued, but it is our conclusion that it was not proper to enter the personal judgment against Mary A. Schumacher in the particular proceedings then pending before it. The court did not undertake to find the liability of the trustees for failure to properly perform their duties as to the collection of rents, and then, upon application of an aggrieved person, and after notice and hearing, to enter a judgment as provided in sections 11984 and 11985. In support of our holding that the court

acted improperly in entering a judgment against the defendant in the proceedings then pending before it, we cite the case of In re Estate of Behrens, 104 Iowa 29, 31, 73 N. W. 351, 352, where we said:

"The allegations of the petition for re-hearing clearly show that the order made by the court was irregular, in that it was, in effect, a judgment against Kern for the sum of three hundred dollars with interest, whereas the petition or affidavit filed as a basis for the proceedings simply asked that Kern be ordered to turn over a note held by him to the administrator; and this was all the citation required him to meet."

II. It is apparent, from a review of the proceedings as have been heretofore set out, that no notice was served upon Mary A. Schumacher as an individual advising her of an action then pending in court wherein a judgment was sought to be entered against her. The only notice that was served upon her was a citation directing that she and her cotrustees make an accounting. The application for citation and accounting only asked that the trustee be required to account.

In the case of In re Estate of Collicott, 226 Iowa 106, 111, 283 N. W. 869, 871, we said:

"This court has repeatedly recognized that the relief to be afforded is limited by the prayer of a petition. In the case of Wiechers v. Pool, 172 Iowa 422, 153 N. W. 65, this court considered a petition for the appointment of a guardian for the property of an incompetent. The order of the trial court appointed a guardian for the defendant's property and also of his person. This court held that the trial court erred in respect to the guardianship of the person because there was no prayer for such relief."

As also bearing somewhat upon the matter now before us, we refer to the case of Barto v. Harrison, 138 Iowa 413, 418, 116 N. W. 317, 319, where we said:

"But if it develops in the examination that the title to the property is in dispute, or that there is some controversy as to whether the estate is entitled thereto, then the administrator

or executor must be relegated to procedure usually resorted to in order to adjudicate such issues. Otherwise the person cited would be deprived of due process of law in being compelled to submit his claim to a judge without trial or the intervention of a jury. Howard v. Fry, 42 Ohio St. 556.''

III. Even though the proceedings under consideration are in probate, and it has admittedly been the prior holding of this court that particularities as to pleadings are not required in probate matters, yet we feel that the parties that are in court should not be held in judgment for a particular amount in a proceeding where there is no such allegation or claim in the pleadings. This should be particularly true where there has been a default.

In the case of Bosch v. Kassing, 64 Iowa 312, 314, 20 N. W. 454, 455, we stated, relative to a proceedings not in probate, as follows:

''It is very plain, therefore, that the allegations of the petition did not constitute a cause of action against Loper, and the court was not authorized to render a judgment against him. A default is an admission of the cause of action stated in the petition, and that something is due to the plaintiff. But where no cause of action is stated in the petition a default can have no such effect. It is true that a defendant may be concluded by a default where the facts stated in the petition do not constitute a good cause of action in law, or where the petition is so defective as to be vulnerable to a demurrer; but, where the petition omits the necessary averment to show liability against the defendant, the court may and should, even upon default, refuse to enter judgment.''

See, also, Sutton v. Rhodes, 205 Iowa 227, 233, 217 N. W. 626.

IV. We do not intend, in this opinion, to pass upon the question whether there is or is not any liability on the part of defendant as a trustee or as to the liability of her cotrustees. We do hold, however, that the proceedings had were improper and that the judgment should not have been entered. It is therefore our holding that the trial court was in error in the entry of the judgment against Mary A. Schumacher as an in-

dividual in the particular proceedings then before it and that by reason of this fact the court should have set aside the default. We therefore reverse and remand for proceedings in the lower court in conformity with this opinion.

We have given consideration to the respective motions to strike the briefs and arguments of the appellant and appellee. Each of these motions is overruled.—Reversed and remanded.

All JUSTICES concur.